**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Donald L. BROWN, Defendant-Appellant.**

**No. 85CA0141.**

Colorado Court of Appeals, Div. III.

Aug. 20, 1987.

Rehearing Denied Sept. 17, 1987.

Judgment Vacated and Case Remanded for Reconsideration Dec. 14, 1987.

---

\* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.,* art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S. (1982 Repl. Vol. 10).

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Patricia Hummons Clark, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Frances Smylie Brown, Jaydee K. Bachman, Deputy State Public Defenders, Denver, for defendant-appellant.

VAN CISE, Judge.

Defendant, Donald Leroy Brown, appeals a judgment of conviction entered upon a jury verdict of guilty of sexual assault on a child by one in a position of trust in violation of § 18–3–405(1) and (2)(b), C.R.S. (1986 Repl.Vol. 8B). He contends that the trial court erred in admitting into evidence hearsay statements of the child without complying with the safeguards provided in § 13–25–129, C.R.S. as then in effect. We agree and reverse.

The child in this case was five years old. Defendant (stepfather) is married to the child's mother who lost custody of this child and the child's twin brother when she and the children's father were divorced. The father remarried and the twins live with him and his present wife (the stepmother). However, the mother babysat for the children during the day. The evidence at trial established that, on the day in question as on other days, the father brought the children to the mother's and stepfather's house between 6:30 and 7:00 every morning and picked them up between 4:30 and 5:00 every evening. The stepfather left for work at 7:40 a.m. and arrived home around 5:00 p.m. With him and the mother lived 3 other children of hers from a previous marriage and a grandchild.

The sexual assault allegedly occurred in February 1984 when the child and her twin brother were at the mother's house. On the child's return to her home, she made statements to her stepmother indicating that the sexual contact had occurred. Later she was examined by a doctor and was interviewed by a social worker. The stepfather was then arrested and charged.

Prior to beginning trial, the court heard testimony and argument on the People's motion for a determination of the child's availability and competency, and ruled the child was competent to testify. After the trial began and after the child had testified, the court held an *in camera* hearing and

ruled that hearsay statements made by the child to her stepmother and the social worker were admissible.

## I.

Defendant contends that the trial court committed reversible error in admitting, over defense objections, the out-of-court hearsay statements allegedly made by the child to the social worker or to the stepmother after the People had failed to give defendant notice of their intention to offer the statements or to furnish the particulars of the statements. We agree.

Statutory terms are given effect according to their plain meanings. When the language of a statute is clear, a court must give the statute effect as written. *People v. Macias,* 631 P.2d 584 (Colo.1981).

Section 13–25–129(3), C.R.S., then in effect provided: "The proponent of the statement shall give the adverse party reasonable notice of his intention to offer the statement and the particulars of the statement." The prosecutor could have complied with the statute by telling defense counsel, a reasonable time in advance of trial, that he intended to call the stepmother and the social worker to testify to statements made to each by the child, relating when and where each statement was made, and setting forth substantially the text of each. But he did not.

Instead, the only notice defendant received was a list of 108 witnesses endorsed on the criminal information. Included in this list were the names of the stepmother and the social worker. This is not "reasonable" notice within the purview of the statute. Nor does the fact that defendant made a motion *in limine* before trial to exclude any out-of-court statements the child may have made show that defendant had notice or that he had waived his right thereto.

The People must provide adequate notice so that a defendant can prepare to rebut or challenge the statements' admissibility at the *in camera* hearing and at trial. Such was not the case here.

Therefore, the stepmother's and social worker's statements were inadmissible hearsay, and admitting them into evidence was reversible error.

## II.

Because defendant had no reasonable notice that the hearsay statements to the stepmother and the social worker would be offered and no knowledge as to the details of the statements, he had no meaningful opportunity to participate in the *in limine* hearing conducted to determine whether "the time, content, and circumstances of the statement[s] provide sufficient safeguards of reliability." Section 13–25–129(1)(a), C.R.S. then in effect (*see* Colo.Sess.Laws 1983, ch. 168 at 629). Therefore, the trial court's findings of reliability are insufficient because the hearing was inadequate.

## III.

Contrary to defendant's contention, there was sufficient evidence for the jury to find that defendant was "one in a position of trust with respect to the victim" as specified in § 18–3–405(2)(b), C.R.S. (1986 Repl.Vol. 8B). Section 18–3–401 (3.5), C.R.S. in effect at the time of the charged offense (*see* Colo.Sess.Laws 1983, ch. 197 at 693) states:

> "One in a 'position of trust' includes, but is not limited to, any person who is a parent or acting in the place of a parent and charged with any of a parent's rights, duties, or responsibilities concerning a child or a person who is charged with any duty or responsibility for the health, education, welfare, or supervision of a child, including foster care, child care, or family care, either independently or through another, no matter how brief, at the time of an unlawful act."

A position of trust can be implied from the stepparent-stepchild relationship. *See People v. Lucero,* 201 Cal.Rptr. 99, 154 Cal.App.3d 245 (5th Dist.1984). Also, defendant was in effect the head of the household where the children stayed during the day, he was the only one working, he was around some of the time and had some

contact with them. Viewed in the light most favorable to the People, *see People v. Bennett,* 183 Colo. 125, 515 P.2d 466 (1973), this was sufficient to make it a fact question for the jury.

### IV.

The other claimed error is unlikely to reoccur, so we do not address it.

The judgment is reversed and the cause is remanded for a new trial.

BABCOCK and METZGER, JJ., concur.