The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Donald L. BROWN, Defendant–Appellant.

No. 85CA0141.

Colorado Court of Appeals, Div. III.

May 12, 1988.

Rehearing Denied June 2, 1988.

Certiorari Denied Sept. 6, 1988.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Patricia Hummons Clark, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Frances Smylie Brown, Jaydee K. Bachman, Deputy State Public Defenders, Denver, for defendant-appellant.

VAN CISE, Judge.

Defendant, Donald L. Brown, appeals a judgment of conviction entered upon a jury verdict of guilty of sexual assault on a child by one in a position of trust in violation of § 18-3-405(1) and (2)(b), C.R.S. (1986 Repl. Vol. 8B). On April 20, 1987, in *People v. Brown*, 749 P.2d 436 (*Brown I*), we reversed defendant's conviction. Thereafter, the supreme court vacated this court's judgment and remanded the case to us for reconsideration in light of *People v. Wood*, 743 P.2d 422, decided by it on October 5, 1987. On reconsideration, we affirm the judgment of conviction.

I.

In parts I and II of *Brown I*, we agreed with defendant's contentions that the trial court committed reversible error in admitting into evidence hearsay statements of the child without complying with the safeguards provided in § 13-25-129, C.R.S., as then in effect. Part I pertained to the lack of notice of intention to offer the statements or to furnish the particulars of the statements. In part II we held that, because of those deficiencies, the hearing as to the reliability of the statements was inadequate.

We now conclude that parts I and II of *Brown I* were overruled by *People v. Wood, supra*. As in *Wood*, the People in the instant case did not comply strictly with the notice requirements. However, as stated in *Wood*, "because the defendant had adequate information from other sources, reversal is not required." Here, the hearsay statements contemplated were contained in the police report, and the names of the stepmother and the social worker were included in the list of People's witnesses submitted prior to trial. Thus, defendant had to have known that those two would testify at trial and, further, had to have known the gist of their testimony.

Also, under § 13-25-129, the court is required to find, in a hearing held outside the presence of the jury, that the time, content, and circumstances of the hearsay statements provide sufficient safeguards of reliability to warrant admission of the statements. Here, the trial court made detailed findings pursuant to this statute which are supported by the evidence. Thus, the ruling is not to be disturbed on appeal. *People v. Galloway*, 726 P.2d 249 (Colo.App. 1986).

II.

We adhere to our previous ruling in part III of *Brown I* that there was sufficient evidence presented for the jury to find that defendant was "one in a position of trust with respect to the victim."

III.

The other claimed error is without merit.

Judgment affirmed.

BABCOCK and METZGER, JJ., concur.