24CA0457 Peo v Maez 04-10-2025

COLORADO COURT OF APPEALS

_____

Court of Appeals No. 24CA0457
Jefferson County District Court No. 23CR265
Honorable Ryan P. Loewer, Judge

_____

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Roy Abel Maez,

Defendant-Appellant.

_____

ORDER AFFIRMED

Division V
Opinion by JUDGE SULLIVAN
Freyre and Schock, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced April 10, 2025

_____

Philip J. Weiser, Attorney General, Cata A. Cuneo, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Phoebe W. Dee, Alternate Defense Counsel, Basalt, Colorado, for Defendant-Appellant

¶ 1     Defendant, Roy Abel Maez, appeals the district court's order designating him a sexually violent predator (SVP).  We affirm.

## I.     Background

¶ 2     Maez was charged with sexual exploitation of a child, sexual assault on a child by one in a position of trust (pattern of abuse), and aggravated incest.  The charges were based on (1) allegations that Maez sexually assaulted his adolescent stepdaughter on multiple occasions over the course of roughly a year and a half and (2) a photograph of the victim with her breasts exposed found on Maez's phone.

¶ 3     As part of a plea agreement, Maez pleaded guilty to an added count of sexual assault on a child by one in a position of trust.  The remaining counts were dismissed and Maez received a stipulated indeterminate sentence of ten years to life in the Department of Corrections.  The district court also designated Maez an SVP, finding that he promoted a relationship with his stepdaughter primarily for the purpose of sexual victimization.

## II.     Discussion

¶ 4     Maez contends that the district court erred by designating him an SVP.  We disagree.

1

## A. Standard of Review

¶ 5 A district court's SVP designation presents a mixed question of law and fact. *Allen v. People*, 2013 CO 44, ¶ 4. We defer to the court's factual findings when supported by the record but review de novo the court's legal conclusions regarding whether an offender should be designated an SVP. *Id.*

## B. Analysis

¶ 6 A district court may designate an offender an SVP when the offender (1) is eighteen years of age or older as of the date of offense; (2) is convicted of an enumerated sexual offense; (3) committed the offense against a victim who was a stranger or was a person with whom the offender established or promoted a relationship primarily for the purpose of sexual victimization; and (4) is likely to commit another similar sexual offense, based upon a risk assessment screening. § 18-3-414.5(1)(a), C.R.S. 2024.

¶ 7 When a defendant is convicted of an offense to which the designation potentially applies, an evaluator works with the probation department to complete the SVP Assessment Screening Instrument (SVPASI). § 18-3-414.5(2). The evaluator makes a recommendation to the district court about whether the defendant

2

meets the SVP criteria. *Id.* Then, "[b]ased on the results of the assessment, the court [is required to] make specific findings of fact and enter an order concerning whether the defendant is a sexually violent predator." *Id.*

¶ 8     On appeal, Maez only challenges the district court's determination of the relationship criteria: that he promoted a relationship with the victim primarily for sexual victimization purposes. In particular, Maez asserts that the SVP designation must be vacated because the court erroneously based its finding on the very behavior leading to his conviction, and not on separate behavior, as required by law.

¶ 9     "[A]n offender 'promote[s] a relationship' if, *excluding* the offender's behavior during the commission of the sexual assault that led to his conviction, he otherwise encourage[s] a person with whom he ha[s] a limited relationship to enter into a broader relationship primarily for the purpose of sexual victimization." *People v. Gallegos,* 2013 CO 45, ¶ 14 (emphasis added). Stated differently, an offender promotes a relationship primarily for the purpose of sexual victimization if they engage in some conduct, beyond the charged conduct itself, that is designed to expand an

existing relationship into one primarily for sexual victimization. *Id.* at ¶ 15. Likewise, an offender promotes a relationship when the offender and the victim "have had a previous relationship, which was limited in its nature, purpose, and customary time and place of interaction, but the offender encourage[s] the expansion of that relationship to foster sexual victimization." *People v. Valencia*, 257 P.3d 1203, 1207 (Colo. App. 2011).

¶ 10 At the sentencing hearing, the district court agreed with the parties that the evaluator who performed the SVPASI erroneously determined that Maez had established a relationship with the victim primarily for the purpose of sexual victimization. *See People v. Tunis*, 2013 COA 161, ¶ 39 (recognizing that, after *Gallegos*, courts "must disregard" the Screening Instrument's findings regarding the relationship criterion). Nonetheless, the court concluded that Maez should be designated as an SVP because he "promoted a relationship" with the victim.

¶ 11 Maez doesn't contest the court's factual findings made in support of its conclusion that he promoted a relationship with his stepdaughter primarily for the purpose of sexual victimization. Rather, he argues that the factual findings made by the district

4

court — namely, the existence of text messages of a sexual nature and the development of an "adult like relationship" with his stepdaughter — is the very behavior that led to his conviction because "violating his stepdaughter's trust was an element of the assault."

¶ 12   But the elements of sexual assault on a child by one in a position of trust require only that a defendant knowingly subject a child under fifteen years of age, who is not his spouse, to any sexual contact, and that the defendant is one in a position of trust with respect to the victim.  § 18-3-405.3(1), (2)(a), C.R.S. 2024; *see also* COLJI-Crim. 3-4:40-41 (2024).  In other words, the sexual assault is the sexual contact, not every violation of the victim's trust that precedes it.

¶ 13   Moreover, to the extent Maez asserts that the facts relied upon by the district court are the same facts that establish the position of trust element, we again disagree.  A person in a position of trust

> includes, but is not limited to, any person who is a parent or acting in the place of a parent and charged with any of a parent's rights, duties, or responsibilities concerning a child, including a guardian or someone otherwise responsible for the general supervision of a child's welfare, or a person who is charged

with any duty or responsibility for the health, education, welfare, or supervision of a child, including foster care, child care, family care, or institutional care, either independently or through another, no matter how brief, at the time of an unlawful act.

§ 18-3-101(2.5), C.R.S. 2024; *see also* COLJI-Crim. F:280 (2024).

¶ 14   Maez was in a position of trust with respect to the victim by virtue of being her stepfather and a father figure to her. *See People v. Brown*, 749 P.2d 436, 438 (Colo. App. 1987) ("A position of trust can be implied from the stepparent-stepchild relationship."). But the district court found that Maez changed the relationship with his stepdaughter from a limited "stepfather/stepdaughter relationship" to a sexual "adult like relationship" based on text messages that were found on his phone and statements he made to her that were "more aggressive in nature" to maintain "the primary purpose of the relationship, [that] being sexual victimization." Thus, the conduct the district court relied on for its SVP designation wasn't the same evidence that showed Maez occupied a position of trust. Nor did it occur "during the commission of the sexual assault that led to" his conviction. *Gallegos*, ¶ 17.

6

¶ 15    Accordingly, we decline to disturb the court's SVP determination on the basis asserted by Maez.

### III.    Disposition

¶ 16    We affirm the district court's order designating Maez an SVP.

JUDGE FREYRE and JUDGE SCHOCK concur.