The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

George A. WOOD, Defendant-Appellant.

No. 85SA329.

Supreme Court of Colorado, En Banc.

Oct. 5, 1987.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Cynthia Nimerichter, Cynthia Jones, Asst. Attys. Gen., Denver, for plaintiff-appellee.

Anderson, Gerig, Gross & Lederer, P.C., William M. Lederer, Colorado Springs, for defendant-appellant.

LOHR, Justice.

The defendant, George A. Wood, was convicted of two counts of sexual assault on a child by one in a position of trust, section 18–3–405, 8B C.R.S. (1986), and one count of a mandatory sentence for crime of violence, section 16–11–309, 8A C.R.S. (1986). The defendant appealed, and the case was subsequently transferred from the Colorado Court of Appeals to this court pursuant to section 13–4–110(1)(a), 6 C.R.S. (1973). We affirm the defendant's convictions.

### I.

The victim in this case is the defendant's daughter. The two incidents giving rise to the charges against the defendant occurred in late September and early October of 1983, when the defendant's daughter was thirteen years old. She testified that both assaults took place under similar circumstances and in similar manners. On both occasions her brother and her mother were not at home. The defendant asked her to perform fellatio and she complied. She testified that she had done this for the defendant on many occasions since she was eight or nine years old. After he had attained an erection, the defendant attempted to penetrate her vagina. On both occasions she told the defendant that it hurt, and he stopped before entering her completely. After stopping, the defendant masturbated and ejaculated on her stomach.

A few days after the second of these two incidents, the victim told two of her schoolmates that her father had sexually abused her. One of her schoolmates convinced her to tell a school counselor. After relating the events to a school counselor, the victim was removed from her home by the El Paso County Department of Social Services (Department) and placed in foster care.

The defendant was charged with two counts of sexual assault on a child by one in a position of trust, a class 3 felony, in violation of section 18–3–405(2)(b), 8B C.R.S. (1986), and one count of a mandatory sentence for crime of violence, section 16–11–309, 8A C.R.S. (1986). Trial was to a jury. The defendant denied committing the assaults and also testified that various factors, including a severe heart condition, the medication he was taking for his heart condition, a damaged sternum, and the residual effects of having been struck by lightning in 1980, caused him to have no

desire for sex and prevented him from attaining a full erection. He also testified that on the infrequent occasions that he engaged in sex with his wife he experienced great pain and discomfort and was unable to maintain an erection for more than a brief time. This testimony was corroborated by his wife. The defendant and his wife both testified to the effect that by reason of the defendant's physical condition, he could not have sexually assaulted his daughter in the way the young girl described.

The People also presented the testimony of the victim's doctor, who testified that a physical examination of the victim revealed evidence of a stretched hymen consistent with slight vaginal penetration. A mental health therapist who treated the defendant's daughter testified that she exhibited symptoms that strongly correlated with those typically found in victims of incest. An expert in the study of incest testified that the characteristics of the defendant's family were consistent with those of families in which incest commonly occurs.

The jury found the defendant guilty of all three charges, and the trial judge sentenced him to a term of imprisonment of eight years and one day, plus one year of parole. The defendant appealed his convictions to the court of appeals. However, because the defendant challenges the constitutionality of the sexual assault on a child statute, section 18–3–405, 8B C.R.S. (1986), and the mandatory sentence for crime of violence statute, section 16–11–309, 8A C.R.S. (1986), the appeal was transferred to this court pursuant to section 13–4–110(1)(a), 6 C.R.S. (1973).[1]

## II.

### A.

The defendant first contends that the trial court erred in failing to grant his motion for judgment of acquittal, which was based on his assertion that section 18–3–405(2)(b), classifying sexual assault on a child by "one in a position of trust" as a class 3 felony, is unconstitutionally vague because the term "one in a position of trust" is not defined by statute. The defendant's argument is without merit.

Section 18–3–405 provides in pertinent part:

(1) Any actor who knowingly subjects another not his or her spouse to any sexual contact commits sexual assault on a child if the victim is less than fifteen years of age and the actor is at least four years older than the victim.

(2) Sexual assault on a child is a class 4 felony, but it is a class 3 felony if:

. . . . .

(b) The actor who commits the offense on a victim is one in a position of trust with respect to the victim.

. . . . .

At the same time subsection (2)(b) was added to section 18–3–405, the General Assembly also enacted section 18–3–401(3.5). Ch. 197, secs. 1, 2, §§ 18–3–401(3.5), 18–3–405(2)(b), 1983 Colo.Sess.Laws 693. Section 18–3–401(3.5) provides:

As used in this part 4, unless the context otherwise requires:

. . . . .

(3.5) One in a "position of trust" includes, but is not limited to, any person who is a parent or acting in the place of a parent and charged with any of a parent's rights, duties, or responsibilities concerning a child or a person who is charged with any duty or responsibility for the health, education, welfare, or supervision of a child, including foster care, child care, family care, or institutional care, either independently or through an-

---

1. Section 13–4–110(1)(a), 6 C.R.S. (1973), provides:

When a party in interest alleges, or the court is of the opinion, that a case before the court of appeals is not properly within the jurisdiction of the court of appeals, the court of appeals shall refer the case to the supreme court. The supreme court shall decide the question of jurisdiction in a summary manner, and its determination shall be conclusive. This case was not properly before the court of appeals because the defendant challenges the constitutionality of § 18–3–405(2)(b) and § 16–11–309(2)(a)(II). *See* § 13–4–102(1)(b), 6 C.R.S. (1973).

other, no matter how brief, at the time of an unlawful act.

Both section 18–3–405(2)(b) and section 18–3–401(3.5) were signed into law by the Governor on June 15, 1983, and became effective on that date. Therefore, the definition of "one in a position of trust" contained in section 18–3–401(3.5) was in effect at the time of the offenses. As the father of the victim, the defendant clearly falls within the statutory definition of "one in a position of trust." His claim that section 18–3–405 is unconstitutionally vague for failure to define this term has no merit.

### B.

At trial, a schoolmate of the victim testified as to certain statements made by the victim to her regarding the two sexual assaults. The defendant contends that the trial judge erred in permitting the schoolmate to testify as to these statements. Specifically, the defendant argues that the trial judge erred by (1) failing to hold a hearing pursuant to section 13–25–129(1)(a), 6 C.R.S. (1986 Supp.), to determine the reliability of her testimony; (2) allowing her to testify despite the fact that the prosecution had not complied with section 13–25–129(3), 6 C.R.S. (1986 Supp.), by giving the defendant reasonable notice of its intention to offer out-of-court statements made by the victim and the particulars of the out-of-court statements; and (3) failing to instruct the jury, as required by section 13–25–129(2), 6 C.R.S. (1986 Supp.), that it was for them to determine the weight and credit to be given the statements and that they should consider certain specified factors in making those determinations. We find the defendant's arguments unpersuasive.

### 1.

Section 18–3–411(3), 8B C.R.S. (1986), provides:

Out-of-court statements made by a child describing any act of sexual contact, intrusion, or penetration, as defined in section 18–3–401, performed with, by, or on the child declarant, not otherwise admissible by a statute or court rule which

provides an exception to the objection of hearsay, may be admissible in any proceeding in which the child is the victim of an unlawful sexual offense pursuant to the provisions of section 13–25–129, C.R.S.

Section 13–25–129, 6 C.R.S. (1986 Supp.), provides an exception to the hearsay rule for out-of-court statements made by a child who is the victim of an unlawful sexual offense, and sets forth procedures to be followed in order to admit such out-of-court statements. Section 13–25–129(1) provides that such a statement is admissible in evidence if:

(a) The court finds in a hearing conducted outside the presence of the jury that the time, content, and circumstances of the statement provide sufficient safeguards of reliability; and

(b) The child either:

(I) Testifies at the proceedings; or

(II) Is unavailable as a witness and there is corroborative evidence of the act which is the subject of the statement.

The defendant alleges that the trial judge failed to conduct a hearing to determine whether the schoolmate's testimony concerning statements made by the victim to her was sufficiently reliable to be admitted. However, the record reveals that such a hearing was held.

When the prosecutor notified the court at trial that he intended to call the schoolmate as his next witness, defense counsel objected on the basis that much of her testimony would be hearsay. The prosecutor then brought the court's attention to the hearsay exception contained in section 18–3–411(3). The trial judge immediately recognized that an *in camera* hearing concerning statements made by the victim to the witness would be required pursuant to section 13–25–129(1)(a). Following a recess, the court held a hearing outside the presence of the jury, and the prosecutor, defense counsel and the trial judge questioned the schoolmate. The trial judge ruled that the witness's testimony concerning what the victim told her would be admitted, with certain restrictions.

■ The trial judge properly conducted the hearing required by section 13–25–129(1)(a). He expressly recognized that the purpose of the hearing was to determine the reliability of the witness's testimony concerning the victim's statements. The record reveals no abuse of discretion as to the trial judge's determination of reliability. Therefore, the defendant's argument with respect to the failure to conduct a hearing in accordance with section 13–25–129(1)(a) is without foundation.

### 2.

■ Section 13–25–129(3), 6 C.R.S. (1986 Supp.), provides that "[t]he proponent of the statement shall give the adverse party reasonable notice of his intention to offer the statement and the particulars of the statement." The defendant asserts ·that reversible error occurred because the People failed to comply with this provision. We agree that the People did not comply strictly with section 13–25–129(3) but conclude that because the defendant had adequate information from other sources, reversal is not required.

The prosecutor notified defense counsel more than thirty days prior to trial that he intended to call the victim's schoolmate as a witness. The substance of her testimony was contained in the police report, and that report was available to defense counsel. Furthermore, defense counsel interviewed the schoolmate prior to trial. The defendant concedes these facts but argues that the prosecution was still required by section 13–25–129(3) to provide him with "the particulars" of the schoolmate's testimony.

Although in order to comply strictly with the statutory requirement, the prosecutor should have provided defense counsel with notice of the particulars of the witness's testimony, we do not believe that the trial judge erred under the facts of this case in permitting her to testify despite the absence of such notice. Defense counsel was aware well in advance of trial that the prosecutor intended to call the schoolmate as a witness. Also, because defense counsel had access to the police report and had interviewed the schoolmate prior to trial, it is reasonable to assume that defense counsel was aware of the substance and the particulars of her testimony. The defendant may not use the notice provision of section 13–25–129(3), which was intended to assure that defense counsel is provided with information necessary to defend his client, to complain of the admission of testimony when it is apparent that defense counsel in fact possessed that information. *Cf. People v. Hampton,* 696 P.2d 765, 777–79 (Colo.1985) (whether exclusion of alibi testimony is appropriate sanction for defendant's failure to comply with notice provisions of Crim.P. 12.1 depends in part on whether failure to provide notice resulted in prejudice to the People). Therefore, even though the People failed to comply fully with section 13–25–129(3), we are satisfied that no error occurred in the admission of the witness's testimony.

### 3.

When a statement made to a witness by a victim of child abuse is admitted at trial, section 13–25–129(2), 6 C.R.S. (1986 Supp.), requires the court to

> instruct the jury that it is for the jury to determine the weight and credit to be given the statement and that, in making the determination, it shall consider the age and maturity of the child, the nature of the statement, the circumstances under which the statement was made, and any other relevant factor.

No such instruction was given to the jury either contemporaneously with the admission of the schoolmate's testimony or in the general charge to the jury at the conclusion of the case. Therefore, the defendant contends that his convictions must be reversed. We disagree.

■ At no time during the trial did defense counsel request that such an instruction be given to the jury or object to the trial judge's failure so to instruct the jury. Therefore, reversal of the defendant's convictions is not required unless the trial judge's failure to instruct the jury in accordance with section 13–25–129(2) amounted to plain error. *See People v. Weller,* 679 P.2d 1077, 1081 (Colo.1984);

*People v. Sharpe*, 183 Colo. 64, 69, 514 P.2d 1138, 1140 (1973); *People v. White*, 680 P.2d 1318, 1321 (Colo.App.1984); Crim. P. 52(b). Plain error exists only if, after reviewing the entire record, we can say with fair assurance that the error so undermined the fundamental fairness of the trial itself as to cast serious doubt on the reliability of the judgment of conviction. *Wilson v. People*, 743 P.2d 415, 420 (Colo., 1987).

■ We conclude that the trial judge's failure to instruct the jury in accordance with section 13–25–129(3) did not amount to plain error. The victim's schoolmate testified that the victim told her that the defendant was sexually abusing her and that the schoolmate then told the victim to talk to a school counselor. This testimony served merely to corroborate the testimony of the victim that she had told two of her schoolmates that her father had sexually abused her and that one of them had told her that she "should have told somebody." Furthermore, the jury was given the following instruction at the conclusion of the trial:

> You may have to decide what testimony to believe. You should carefully consider all of the testimony given and the circumstances under which each witness has testified.
>
> Consider each witness' knowledge, motive, state of mind, demeanor, and manner while on the stand. Consider the witness' means of knowledge, ability to observe, and strength of memory. Consider also any relationship each witness may have to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case. You should consider all facts and circumstances shown by the evidence which affects (sic) the credibility of the witness' testimony.
>
> You may believe all of the testimony of a witness, or part of it, or none of it.

The trial judge should have given the jury the more specific credibility instruction required by section 13–25–129(2) in addition to the general instruction quoted above. However, we are satisfied that the jury was adequately made aware of its responsibility to examine the credibility of the witnesses, including the victim's schoolmate. In light of this and of the fact that this witness's testimony was merely corroborative of the victim's, we cannot say with fair assurance that the omission to instruct the jury in accordance with section 13–25–129(2) so undermined the fundamental fairness of the trial itself as to cast serious doubt on the reliability of the judgment of conviction. Therefore, this deficiency did not constitute plain error.

### C.

■ The defendant next contends that the trial judge erred in permitting Ronnie Harris, a protective services worker employed by the El Paso County Department of Social Services, to testify as a rebuttal witness because she had been present in the courtroom during the testimony of other witnesses in violation of the court's sequestration order and because her testimony amounted to an impermissible inferential comment on the defendant's exercise of his right to remain silent. Again, the defendant's arguments are without merit.

Harris was assigned by the Department to work with the victim. She attended the defendant's trial. The prosecution did not intend to call her as a witness until the defendant testified that he had contacted the Department on several occasions by telephone in an attempt to arrange a visit with his daughter. He testified that the people at the Department with whom he had talked were uncooperative and failed to return his phone calls.

Following the defendant's testimony, the People sought to call Harris as a witness in order to rebut the defendant's testimony that he had been denied the opportunity to visit his daughter. Defense counsel objected to the calling of Harris as a witness on the grounds that she had heard the testimony of the other witnesses and that allowing her to testify would therefore violate the court's sequestration order. The defendant also argued that the testimony

of Harris would amount to an improper comment on the defendant's exercise of his right to remain silent. The court denied the objection but limited the scope of Harris's testimony.

After stating her name and place of employment, Harris testified as follows on direct examination:

Q And do you know [the victim]?

A Yes, I do.

Q And do you work with [the victim] as what might be referred to as a case worker?

A Yes, a protective services worker.

Q In your capacity through your employment in October of 1983 did you have occasion to call the home of George Wood and talk to a person who identified himself as George Wood?

A Yes, I did.

Q Did you ever tell that person that he could not or should not, or anything to that effect, have visitation or contact with his daughter?

A No, I did not.

On cross-examination, defense counsel asked Harris if she had talked to or been with George Wood in the two weeks before the trial. She replied that she had been in the same courtroom with him a couple of weeks before at another hearing but that she had not spoken with him. Defense counsel then asked her if she had heard the defendant or Mrs. Wood complain in the hallway outside the courtroom on that day that the Department had not returned calls made by the defendant. The prosecutor objected on the grounds that the question went beyond the scope of direct examination. The trial judge sustained the objection, and defense counsel asked no more questions of the witness.

■ The trial judge had issued a sequestration order prior to the commencement of the trial. The purposes of a sequestration order are to prevent a witness from conforming his testimony to that of other witnesses and to discourage fabrication and collusion. *People v. Fecht,* 701 P.2d 161, 164 (Colo.App.1985); *Martin v. Porak,* 638 P.2d 853, 854 (Colo.App.1981). "Matters relating to the sequestration of witnesses and violations of sequestration orders traditionally have remained within the trial court's sound discretion." *People v. Gomez,* 632 P.2d 586, 594 (Colo.1981), *cert. denied,* 455 U.S. 943, 102 S.Ct. 1439, 71 L.Ed.2d 655 (1982). *Accord People v. Watkins,* 191 Colo. 440, 443, 553 P.2d 819, 821 (Colo.1976). Therefore, a trial court's decision to allow a witness to testify despite a violation of a sequestration order will not be deemed error entitling the defendant to a new trial unless the trial court abused its discretion. In order to show such an abuse of discretion, the defendant must demonstrate that he was prejudiced by the trial court's decision. *See People v. Gomez,* 632 P.2d at 594; *People v. Wright,* 678 P.2d 1072, 1075 (Colo.App.1984).

We can perceive no prejudice to the defendant as a result of the trial judge's decision to allow Harris to testify. There is no evidence of fabrication or collusion. Nor was there any danger that Harris would conform her testimony to that of other witnesses since her testimony concerned matters not testified to by any witness other than the defendant. Moreover, there is no evidence of bad faith on the part of the prosecution in permitting Harris to be present during the testimony of other witnesses. The prosecutor did not intend to call Harris as a witness. Only when the defendant, the final witness for the defense, testified concerning his alleged attempts to arrange a visit with his daughter did the prosecution feel the need to call Harris as a rebuttal witness. Furthermore, Harris's testimony concerned a matter that was collateral to the primary issue of the defendant's guilt or innocence.

Under the circumstances of this case, the defendant was not prejudiced by the trial judge's decision to allow Harris to testify in rebuttal. It follows that the trial judge did not abuse his discretion by permitting her to testify. *Cf. People v. Gomez,* 632 P.2d 586 (no abuse of discretion by trial court in failing to grant motion for mistrial or to strike testimony of three witnesses because of their violation of sequestration

order; prior or prospective testimony of witnesses not tainted by violations); *People v. Fecht*, 701 P.2d 161 (error in failing to sequester prosecution's known rebuttal witness was harmless where witness did not converse with other witnesses, testimony concerned mostly collateral matters, and defendant testified on surrebuttal that he had no dispute with witness's rebuttal testimony); *People v. Wright*, 678 P.2d 1072 (trial court did not err in refusing to grant defendant's motion for mistrial following discovery that two witnesses had violated sequestration order; witnesses did not discuss details of testimony and trial court determined that there was no prejudice to defendant).

■ We next consider the defendant's argument that the trial judge erred in permitting Harris to testify because her testimony amounted to an implicit comment on the defendant's exercise of his right to remain silent. The defendant contends that his attorney had advised him to not discuss his case with anyone, including people from the Department. According to the defendant, Harris's testimony implied that the defendant had not spoken to her regarding his desire to visit his daughter. Therefore, the defendant contends, the jury was able to entertain a negative inference based on the fact that the defendant did not speak to Harris—thereby rendering Harris's testimony an impermissible comment on his exercise of his right to remain silent. The defendant's argument has no merit.

Harris testified as to what *she* said and did not say to the defendant during a telephone call that she placed to him. She made no mention of what the defendant said or failed to say. Furthermore, the most likely inference to be drawn from Harris's testimony was that the defendant did speak to her, not that the defendant refused to speak to her. Harris made no statement that expressly or impliedly commented or referred to the defendant's exercise of his right to remain silent. The trial judge did not err in permitting Harris to testify.

## D.

■ The defendant argues that the trial judge erred in denying his request, allegedly made in chambers and not on the record, to present surrebuttal testimony to the rebuttal testimony of Harris. No such request appears on the record. Therefore, the defendant's argument must be evaluated under the plain error standard of review. Crim. P. 52(b).

"A decision whether to allow surrebuttal generally lies within the discretion of the trial court. However, the court should allow a defendant to introduce evidence on surrebuttal that tends to meet new matter presented by the prosecution on rebuttal." *People v. Brockman*, 699 P.2d 1339, 1342 (Colo.1985). *Accord People v. Terry*, 720 P.2d 125, 129 (Colo.1986); *People v. Martinez*, 181 Colo. 27, 28–29, 506 P.2d 744, 745 (1973).

The record in this case is insufficient to address the defendant's contention. There is no indication in the record or in the defendant's brief of the source or content of the surrebuttal testimony that the defendant says he desired to introduce at trial. This court will not speculate as to the source and content of that testimony. Furthermore, we decline to impose a duty on the trial judge to inquire on the record as to whether a defendant wishes to present surrebuttal testimony. Therefore, absent a record containing a request by the defendant to present surrebuttal testimony, a ruling on that request by the trial judge, and an offer of proof, this court has no basis to evaluate a defendant's allegation of error with respect to the presentation of surrebuttal testimony. It follows that the defendant has failed to demonstrate plain error.

## E.

■ The defendant's final contention is that section 16–11–309, 8A C.R.S. (1986), is unconstitutional as applied to him because subsection (2)(a)(II), which incorporates the definition of "bodily injury" from section 18–1–901(3)(c), 8B C.R.S. (1986), is void for

vagueness.[2] Although the definition of bodily injury contained in section 18–1–901(3)(c) is broad, the defendant argues, if we understand him correctly, that the pain suffered by the victim was, at most, "trifling" and, therefore, could not have constituted the type of bodily injury contemplated by the statute. The defendant's argument is without merit.

Section 16–11–309(2)(a)(II) provides:

"Crime of violence" also means any unlawful sexual offense in which the defendant caused bodily injury to the victim or in which the defendant used threat, intimidation, or force against the victim. For purposes of this subparagraph (II), "unlawful sexual offense" shall have the same meaning as set forth in section 18–3–411(1), C.R.S., and "bodily injury" shall have the same meaning as set forth in section 18–1–901(3)(c), C.R.S.

Section 18–1–901(3)(c), 8B C.R.S. (1986), defines "bodily injury" as "physical pain, illness, or any impairment of physical or mental condition." In *People v. Hines,* 194 Colo. 284, 572 P.2d 467 (1977), we rejected an equal protection challenge to this provision, the contention being that because "bodily injury" can be construed to include nearly any minor physical effect there is no meaningful distinction between a victim of kidnapping who is "liberated unharmed" and one who suffers "bodily injury." There we stated that although the definition is broad,

it creates a meaningful distinction between cases in which bodily injury is inflicted and those in which it is not. To support a finding of bodily injury the prosecution must prove that at least some physical pain, illness or physical or mental impairment, *however slight,* was caused by [the defendant].

*Id.* at 289, 572 P.2d at 470 (emphasis added). We adhere to this ruling. The definition of bodily injury contained in section 18–1–901(3)(c) and incorporated into section 16–11–309(2)(a)(II) is not so vague that men of ordinary intelligence must necessarily guess as to its meaning and differ as to its application. *See, e.g., People v. Alexander,* 663 P.2d 1024, 1027–28 (Colo.1983); *People v. McKnight,* 200 Colo. 486, 499, 617 P.2d 1178, 1187 (1980). Since the defendant admits that the victim suffered some physical pain, section 16–11–309(2)(a)(II) applies to the defendant's conduct. His claim that the definition of bodily injury incorporated in that section is too vague to be applied to him must therefore be rejected.

### III.

In summary, the defendant's challenges to his convictions are not meritorious. We therefore affirm the judgment of the district court.

---

2. The defendant's argument is phrased as an allegation that § 16–11–309(2)(a)(II) is vague as applied to him. A challenge to a statute based on vagueness is in essence an allegation that men of ordinary intelligence must necessarily guess as to its meaning and differ as to its application. *E.g., People v. McKnight,* 200 Colo. 486, 499, 617 P.2d 1178, 1187 (1980). Therefore, a vagueness challenge to a statute is a "facial" attack on the statute's validity which asserts that the statute may not be constitutionally applied to anyone rather than an attack on its application to a particular individual. Although the defendant's argument is inartfully drafted, it appears from his brief that he in fact challenges the facial validity of the statute, and we therefore address his argument as such a challenge.