The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Edward FLYSAWAY, Defendant–Appellant.

No. 88CA1899.

Colorado Court of Appeals, Div. V.

Aug. 30, 1990.

Rehearing Denied Oct. 4, 1990.

Certiorari Denied March 25, 1991.

**1180**

David F. Vela, Colorado State Public Defender, Susan Baker, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge VAN CISE [*].

Defendant, Edward Flysaway, appeals the judgment of conviction entered on jury verdicts finding him guilty of sexual assault on a child and aggravated incest. We affirm.

### I.

■ Defendant contends that the trial court erred in failing to give a cautionary jury instruction contemporaneously with the admission of the child victim's hearsay statements. We disagree.

When a child victim's hearsay statement is admitted under § 13–25–129(1), C.R.S. (1987 Repl.Vol. 6A), the trial court must give a cautionary jury instruction on credibility. And, while the statute itself contains no express requirement therefor, it has been construed to require the court to give the instruction contemporaneously with the admission of the hearsay evidence and again at the conclusion of the case. *People v. McClure*, 779 P.2d 864 (Colo. 1989); *People v. Mathes*, 703 P.2d 608 (Colo.App.1985). In both of these cases, the trial court did not give the statutorily required cautionary instruction either at the time the evidence was admitted or at the conclusion of the case. It gave only the general instruction on witness credibility.

■ Here, the trial court gave the instruction only at the conclusion of the case. However, because defendant did not request a contemporaneous instruction, our scope of review is limited to plain error. *See* Crim.P. 52(b). Plain error exists only if the error so undermines the fundamental fairness of the trial that it casts serious doubt on the reliability of the conviction. *Wilson v. People*, 743 P.2d 415 (Colo.1987).

Complete omission of the cautionary instruction required by § 13–25–129 may be

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Timothy R. Twining, Asst. Atty. Gen., Denver, for plaintiff-appellee.

---

[*] Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

plain error. *See People v. McClure, supra. Cf. People v. Wood,* 743 P.2d 422 (Colo. 1987). Failure to give the instruction contemporaneously with the testimony of a witness, however, may not be plain error if the instruction is given at other times. *See People v. Diefenderfer,* 784 P.2d 741 (Colo. 1989) (instruction was omitted when one witness testified, but given when another testified and at close of case).

We conclude that here the trial court's failure to give a contemporaneous instruction was not plain error. The instruction was given at the close of the case, and it is presumed that the jury followed the instructions given. *People v. Knapp,* 180 Colo. 280, 505 P.2d 7 (1973).

## II.

■ Defendant next contends that the trial court abused its discretion in denying a continuance requested as a discovery sanction under Crim.P. 16 for the prosecution's untimely disclosure of potentially exculpatory evidence one day before trial. We disagree.

This argument is founded on a letter defendant wrote to his estranged wife in which he listed several incidents in which the victim had made allegedly false accusations of sexual assault by defendant. The prosecutor received a copy of that letter a day before commencement of trial and, as required by Crim.P. 16, delivered a copy to defense counsel that same day.

Under the circumstances of this case, defendant's own letter could not have been competent defense evidence, and the contents, if true, were already known by the author defendant. There was no showing of a discovery violation or of any prejudice to defendant in the denial of a continuance.

Judgment affirmed.

CRISWELL, J., concurs.

PLANK, J., dissents.

Judge PLANK dissenting.

I respectfully dissent.

Section 13–25–129(2), C.R.S. (1987 Repl. Vol. 6A) requires the trial court to give a specific cautionary instruction with the admission of hearsay evidence. Additional procedural safeguards are required by *People v. McClure,* 779 P.2d 864 (Colo.1989) and *People v. Mathes,* 703 P.2d 608 (Colo. App.1985). The *McClure* court held:

"In recognition of the suspect nature of hearsay evidence, and in obedience to the legislative mandate, we hold that a trial court must give the cautionary instruction *contemporaneously* with the admission of this particular type of evidence, and again in the court's general charge to the jury at the conclusion of the case, and failure to do so is reversible error." (emphasis in original)

Here, two expert witnesses, a doctor and an investigator, both with extensive experience in child sexual assault cases, related details of the crime. The ommission of the contemporaneous instruction under these facts constitutes plain error.