The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

James Wallace COWAN, Defendant–Appellant.

No. 89CA0347.

Colorado Court of Appeals, Div. C.

March 14, 1991.

Rehearing Denied April 25, 1991.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John J. Krause, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, David M. Furman, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge KELLY *.

The defendant appeals judgments of conviction entered on jury verdicts finding him guilty of aggravated incest and third degree sexual assault. He contends that the trial court erroneously failed to instruct the jury as required by § 13–25–129(2), C.R.S. (1987 Repl.Vol. 6A), that the trial court improperly admitted evidence of similar offenses, and that the district attorney was guilty of misconduct during cross-examination of the defendant and during closing argument. Only the similar offense argument was preserved for review by contemporaneous objection; therefore, plain error is the standard of review on the other issues. We reverse.

I.

■ Relying on *People v. McClure*, 779 P.2d 864 (Colo.1989), a case decided after this trial, the defendant argues that the trial court's failure to instruct the jury contemporaneously with receipt of extrajudicial statements of the victim through testimony of other witnesses about the child victim's out-of-court statements, together with the failure to include the instruction in the final charge, constitute plain error. We agree.

In *McClure, supra*, the Supreme Court established the standards under which the failure of a trial court to instruct a witness contemporaneously with testimony about the extrajudicial statements of a child victim of sexual abuse rises to the level of plain error. It ruled that, in addition to contemporaneous instruction, the same instruction must be repeated in the general charge to the jury at the conclusion of the case.

■ However, for an appellate court to conclude that there was plain error, it must be fairly assured, after a review of the entire record, that the error so undermined the fundamental fairness of the trial itself as to cast serious doubt on the reliability of the judgment of conviction. *People v. McClure, supra; see also People v. Diefenderfer*, 784 P.2d 741 (Colo.1989) (fn. 10); and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

*People v. Wilson,* —— P.2d —— (Colo.App. No. 88CA1204, March 14, 1991).

In *McClure, supra,* the failure of the trial court to instruct either contemporaneously or in the final charge left the jury without any instruction whatever with the resultant finding on appeal of plain error. In *Diefenderfer, supra,* on the other hand, there was a proper instruction upon the reception of the testimony of one witness as well as a proper instruction in the final charge. As a result, there, the failure to instruct as to the testimony of the only other witness to the out-of-court statements did not cause serious doubt as to the reliability of the judgment of conviction. *See also People v. Flysaway,* 807 P.2d 1179 (Colo.App.1990).

While there may be cases in which an instruction in the final charge is sufficient to cure the prior default in giving a contemporaneous instruction, *see Flysaway, supra,* the converse situation yields no such clear conclusion. Here, the trial court held an *in camera* hearing as required by § 13–25–129(1), C.R.S. (1987 Repl.Vol. 6A), and concluded that the testimony of the first witness, a social worker, was sufficiently reliable to be admitted. Instead of giving the jury the cautionary instruction required by statute and by *McClure* contemporaneously with the admission of the testimony, the instruction was delayed until after the victim himself had testified, not only about his out-of-court statements to the social worker and others, but also about his recantation of these statements.

There followed a significant effort by the prosecution to impeach the victim with prior inconsistent statements, while the defense concentrated on establishing the victim's propensity for lying and fantasizing. Conversely, the defendant had also, prior to trial, recanted his admissions that the sexual acts had occurred, and this led to his defense that he had been under the influence of side effects of a medication he was taking for back pain.

The trial court gave no cautionary instructions prior to the victim's testimony about his numerous out-of-court statements, nor was there contemporaneous instruction at the time of the reception of testimony from the victim's girlfriend and his mother, both of whom, in their testimony, alluded to the victim's extrajudicial accusations made either to them or to others.

While it is true, as the attorney general points out in his brief, that this jury could not have misapprehended that the outcome of the case depended entirely upon the credibility of the victim and of the defendant, who testified at length in his own behalf, the fact remains that the jury was not instructed in the final charge beyond the general credibility instruction. Hence, the jury was unaware at the conclusion of this bizarre case with its "dizzying facts," as the attorney general characterizes them, that the victim's out-of-court statements were to be weighed and credited after considering the age and maturity of the child, the nature of the statement, the circumstances under which the statements were made, and the other relevant factors developed by the evidence in the case. It is particularly important in cases such as this, in which credibility is especially fraught with difficulty, that jurors know their authority and responsibility for weighing and crediting the testimony.

If, as here, both the accuser and the accused have recanted their out-of-court statements, and the instructions of the court to the jury at the time of reception of the evidence have not been timely and are far removed by time and the number of witnesses, the instruction in the final charge takes on particular significance.

Moreover, hearsay evidence is inadmissible except by virtue of having a foundation of reliability, either by rule or statute. *W.C.L. v. People,* 685 P.2d 176 (Colo.1984). Also, the statute which authorizes the reception of this kind of hearsay is conditional, and, because the statute is in derogation of the common law, it must be strictly construed. *McClure, supra.*

Under these circumstances, we cannot say that there is no serious doubt of the reliability of the judgment of conviction. Accordingly, the failure to instruct contemporaneously with the reception of the testi-

mony of each witness and in the final charge was plain error.

## II.

 We disagree with the defendant's argument that the trial court improperly admitted evidence of his sexual abuse of his stepdaughter, and since this issue may arise on retrial, we consider the argument here.

One of the theories of the defense was that the defendant had an idiosyncratic reaction to a prescription drug he had taken the morning before the events occurred and that confusion and disorientation brought on by the medication destroyed his ability to engage in conscious action. The similar transaction evidence concerning the alleged abuse of his stepdaughter was introduced to counteract this evidence of absence of intent.

A trial court has substantial discretion in deciding the admissibility of prior transactions, and only if there is an abuse of discretion will a ruling of the trial court be disturbed. *Pigford v. People*, 197 Colo. 358, 593 P.2d 354 (1979).

Here, the intent was not "a necessary conclusion from the act done," as in *People v. Guilbeaux*, 761 P.2d 255 (Colo.App.1988). Further, the acts were sufficiently similar to justify reception of the evidence: With both children, the acts were initiated with neck and back rubs, the type of sexual intrusion was the same, and both children were the defendant's stepchildren.

Since the element of intent was in sharp dispute at trial, evidence of similar transactions was relevant. *See People v. Girtman*, 695 P.2d 759 (Colo.App.1984). The trial court's determination of admissibility was in accord with those considerations set forth in *Adrian v. People*, 770 P.2d 1243 (Colo.1989). Also, a limiting instruction was given to the jury before the evidence was introduced and in the final instructions. Accordingly, we perceive no error in the admission of the similar transaction evidence.

## III.

The defendant's claim of prosecutorial misconduct is without merit. The cross-examination of the defendant was fully justified by the evidence in the record, as were the comments during closing argument. There was no error.

The judgment is reversed, and the cause is remanded for a new trial.

STERNBERG, C.J., and RULAND, J., concur.