The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

William R. MILLER, Defendant–Appellant.

No. 89CA0949.

Colorado Court of Appeals,
Div. V.

Aug. 1, 1991.

Rehearing Denied Sept. 19, 1991.

Certiorari Denied Jan. 13, 1992.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Paul Koehler, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Duane M. Kline, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge NEY.

Defendant, William R. Miller, appeals the judgment of conviction entered on a jury verdict finding him guilty of sexual assault on a child. We affirm.

Defendant contends that his conviction must be reversed because the trial court erred in failing to give a cautionary jury instruction. We disagree.

■ When a child victim's hearsay statement is admitted under § 13–25–129, C.R.S. (1987 Repl.Vol. 6A), the trial court must give a cautionary instruction on credibility. In *People v. McClure*, 779 P.2d 864 (Colo. 1989), our supreme court construed § 13–25–129 to require that the court give the instruction contemporaneously with the admission of the hearsay evidence and again at the conclusion of the case.

■ Here, two witnesses testified as to the victim's hearsay statements, and the trial court did not give the required cautionary instruction either at the time the evidence was admitted or at the conclusion of the case. Even though the defendant failed to request such an instruction at either appropriate time and did not object to the fact that the instruction was not given, we conclude that the trial court committed error in not giving the instruction as mandated by *People v. McClure, supra.*

In *McClure,* our supreme court indicated that, absent an objection by defendant, a trial court's failure to instruct the jury *sua sponte* is plain error mandating reversal only if, after reviewing the entire record, the appellate court concludes that such failure so undermined the fundamental fairness of the trial itself as to cast serious doubt on the reliability of the judgment of conviction. *Wilson v. People,* 743 P.2d 415 (Colo.1987).

In the *McClure* trial, five witnesses testified extensively as to the details of the sexual assault. Two of these five were qualified as experts, and the third was a police officer with extensive experience in cases of sexual assaults on children. The testimony of each witness corroborated the substance of the other witnesses' testimony.

In concluding that reversal was required, the *McClure* court contrasted the case before it with *People v. Wood,* 743 P.2d 422 (Colo.1987) in which the victim's schoolmate testified that the victim had told her she was being sexually abused by her father, and the schoolmate then told the victim to talk to a school counselor. The supreme court found the failure to give the required instruction under the circumstances in *Wood* not to be plain error because that hearsay testimony served merely to corroborate the testimony of the victim to the extent that she had informed two of her schoolmates of the sexual abuse and that one of them had told her that she should have told somebody.

■ Here, the victim's in-court testimony presented the detailed events incriminating the defendant. One of the witnesses who related the victim's hearsay statements was the victim's schoolmate and her testimony was substantially equivalent to the schoolmate's testimony in *People v. Wood, supra.*

The other witness who related hearsay statements was a psychotherapist who was permitted to testify as an expert. In carefully reviewing the testimony of this expert, we conclude that the overwhelming substance of her testimony related to her

observations of the victim and the expert's experience in interpreting body language of victims of sexual abuse and the dynamics of a family which experiences an incestuous relationship.

The only portion of her testimony relating to statements made by the victim and to the defendant's activities were as follows:

"A: She told me about the sexual abuses with her stepfather William.

. . . .

"Q: And, did she give you a history?

"A: Briefly, yes.

"Q: Can you remember what that was?

"A: She told me that he fondled her breasts and genitals and that it began at approximately age 8. She also told me about intercourse beginning around a year or so after that."

These facts make this case distinguishable from *People v. Cowan*, 813 P.2d 810 (Colo.App.1991) (Victim and defendant had recanted their prior out-of-court statements) and *People v. Wilson*, 821 P.2d 824 (Colo.App.1991) (seven witnesses testified concerning the extra-judicial statements; some gave explicit details of testimony about the statements).

Considering the circumstances here in light of rulings in the various related cases, we conclude that the admission of this testimony without the required instruction, although error, did not so undermine the fairness of the trial as to require reversal of defendant's conviction.

The judgment is affirmed.

DAVIDSON, J., concurs.

JONES, J., dissents.

Judge JONES dissenting.

I respectfully dissent.

In § 13–25–129(2), C.R.S. (1987 Repl.Vol. 6A), the policy of the Colorado General Assembly is revealed to be that, when a child's hearsay statement is admitted in a sexual assault prosecution, the court must give a cautionary instruction to the jury. The Colorado Supreme Court has held that such instruction must be given contemporaneously with the admission of the hearsay evidence. *People v. McClure*, 779 P.2d 864 (Colo.1989). *See People v. Mathes*, 703 P.2d 608 (Colo.App.1985).

I believe that the General Assembly meant what it said in requiring contemporaneous cautionary instruction and would not have this court deviate from the plain intent of the statute. I believe that this is also the lesson of the *McClure* case.

And, here, even to the extent that the failure to instruct contemporaneously with the testimony of the victim's schoolmate may be excused by the rubric of *People v. Wood*, 743 P.2d 422 (Colo.1987), that rule cannot apply to the circumstances of the expert testimony by the psychotherapist. *See People v. Flysaway*, 807 P.2d 1179 (Colo.App.1990) (Plank, J. dissenting).

It matters not that the hearsay admitted through the psychotherapist amounted to little more than a few sentences. Coming as it did from one having the aura of a learned expert, the testimony raises the danger that the jury will accept the hearsay statements as true without critically evaluating the credibility of the declarant. And, because the credibility of the hearsay statements or their source cannot be challenged when the declarant is under oath and subject to cross-examination, and independent indices of reliability are not always obvious from the presentation of the hearsay by an expert, a defendant's right of confrontation and his or her due process right to a fair trial are prejudicially implicated. Thus, I cannot conceive of how "the outcome of this trial was unaffected by the trial court's failure to give the cautionary instruction." *People v. McClure, supra.*

Therefore, I conclude that under the circumstances here, the trial court committed plain error, requiring reversal of defendant's conviction.