The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Norman Wayne WILSON, Defendant–Appellant.

No. 88CA1204.

Colorado Court of Appeals, Div. C.

March 14, 1991.

As Modified on Denial of Rehearing May 2, 1991.

Certiorari Granted Jan. 13, 1992.

Cross–Petition for Certiorari Denied (Wilson) Jan. 13, 1992.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John J. Krause, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colo. State Public Defender, Katherine Campbell, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge KELLY.*

■ The defendant, Norman Wayne Wilson, appeals the judgments of conviction entered on jury verdicts finding him guilty of two counts of sexual assault on a child and two counts of child abuse. Relying on *People v. McClure*, 779 P.2d 864 (Colo. 1989), he argues, *inter alia*, that the failure of the trial court *sua sponte* to instruct the jury contemporaneously with the testimony of numerous witnesses as required by § 13–25–129(2), C.R.S. (1987 Repl.Vol. 6A) was plain error mandating reversal. We agree with the defendant's position and, therefore, reverse.

In *McClure, supra*, which was decided after this case was tried, the Supreme Court established the standards under which the failure of a trial court to instruct

the jury contemporaneously with testimony about the extrajudicial statements of a child victim of sexual abuse constitutes plain error. Further, it ruled that, in addition to contemporaneous instruction, the same instruction must again be given the jury in the general charge at the conclusion of the case.

■ To conclude that there was plain error, the appellate court must be fairly assured, after a review of the entire record, that the error so undermined the fundamental fairness of the trial itself as to cast serious doubt on the reliability of the judgment of conviction. *People v. McClure, supra; see also People v. Diefenderfer*, 784 P.2d 741 (Colo.1989) (fn. 10); *People v. Cowan*, 813 P.2d 810 (Colo.App.1991).

In *McClure, supra*, the failure of the trial court to instruct either contemporaneously or in the final charge left the jury without any instruction whatever with the resultant finding on appeal of plain error. In *Diefenderfer, supra*, on the other hand, there was a proper instruction upon the reception of the testimony of one witness as well as a proper instruction in the final charge. There, the court held that the failure to instruct as to the testimony of the only other witness to the out-of-court statements did not result in serious doubt of the reliability of the judgment of conviction. *See also People v. Flysaway*, 807 P.2d 1179 (Colo.App.1990).

Here, the choices are not so clear-cut. No less than seven witnesses testified concerning the extrajudicial statements of one or the other of the two child victims; some of these witnesses gave explicit testimony about the extrajudicial statements; others only confirmed that the out-of-court statements had been as explicated in the testimony of other witnesses.

There was an *in camera* hearing as required by § 13–25–129(1)(a), C.R.S. (1987 Repl.Vol. 6A) as to the first of these witnesses only, and, as to her proffered testimony, the court made no record of the

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

standards for admission considered by it, *see People v. District Court,* 776 P.2d 1083 (Colo.1989); *People v. Serna,* 738 P.2d 802 (Colo.App.1987), nor of the factors it relied on in ruling the testimony to be admissible. While this alone might not be cause for reversal, these are factors to be considered in determining the presence of plain error.

Although the contemporaneous instruction required by *McClure* was given by the trial court at the time of the admission of the testimony of this first witness, the instruction was not again given until early in the testimony of the final witness for the People, and this "contemporaneous" instruction purported to include the testimony of only the previous witness on the same subject. We derive no assurance from this procedure that the jury understood this caution to include not only the testimony of the witness then on the witness stand, but also the testimony of the previous witness. There was no effort to expand this "contemporaneous" instruction to the testimony of two other witnesses who testified to explicit acts of sexual assault reported to them by the children.

Given these confusing circumstances in a trial lasting several days and with the numerous recesses and interruptions that occur during trials in busy trial courts, we conclude that the inclusion in the final charge of a proper instruction cautioning the jury as required by the statute does not cure the failure to instruct contemporaneously. This is especially so, when, as here, the defense offers evidence which suggests that the reports of sexual assault were motivated by the defendant's discipline of the children. It may be that there is no criminal prosecution in which the outcome rests more heavily upon the credibility of the prosecution witnesses than in a prosecution for sexual assault upon a child. Accordingly, the need for *contemporaneous* instruction as required by § 13–25–129(2) at the very time of the reception of the evidence cannot be overemphasized. Only then can an appellate court say with fair assurance that plain error has been averted.

Of the defendant's numerous other arguments for reversal, most are not apt to recur on retrial, and the others do not rise to the level of plain error as defendant contends. We note, however, that we regard the trial court's ruling as to the admissibility of the defendant's prior convictions in three of the four cases to be in compliance with the standards set forth in *People v. Drake,* 785 P.2d 1257 (Colo.1990).

The judgment is reversed and the cause is remanded for a new trial.

STERNBERG, C.J., and RULAND, J., concur.