The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

Gary S. **JONES**, Defendant–Appellant.

No. 90CA1997.

Colorado Court of Appeals, Div. II.

June 4, 1992.

Rehearing Denied July 9, 1992.

Certiorari Granted and Judgment Vacated Jan. 4, 1993.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John J. Krause, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Denver, Nancy B. Newport Smith, Sp. Deputy State Public Defender, Steamboat Springs, Kathleen H. Taylor, Deputy State Public Defender, Craig, for defendant-appellant.

Opinion by Judge SMITH.

The defendant, Gary Jones, appeals the judgment entered on a jury verdict finding him guilty of sexual assault on a child and child abuse resulting in bodily injury. We reverse and remand.

## I.

The defendant contends that the trial court erred in admitting hearsay statements of the victim and her brother without contemporaneous cautionary instruc-tions as required by § 13–25–129(2), C.R.S. (1987 Repl.Vol. 6A). We agree.

■ In order to safeguard the defendant's right of confrontation and his due process right to a fair trial, § 13–25–129(2) does, indeed, mandate that the court instruct the jury, *whenever* a child's hearsay statements are admitted. *People v. McClure*, 779 P.2d 864 (Colo.1989).

Here, nine witnesses were permitted to testify to hearsay statements of the victim, age 4, and her brother, age 6. During the testimony of the fifth hearsay witness, the prosecution requested that the trial court give an instruction alerting the jury to the suspect nature of the hearsay testimony. Defense counsel, arguing that the instruction was, in essence, too late, moved for a mistrial.

The trial court denied the defendant's motion, electing instead to instruct the jury as follows:

[Y]ou have heard some out-of-court statements made by both children in this case. You're going to hear some more. And I want you to understand that you are instructed by this court that it is up to the jury, namely you, to determine the weight and the credibility to be given such statements....

The court also advised the jurors that, in determining weight and credibility, they:

[M]ust consider the age, the maturity of the children, the nature of the statements, and the circumstances under which the statements were made and any other relevant factors. [And] the weight and credibility of these statements is your decision. Do you understand?

A similar instruction was given with the next witness, an expert who testified extensively regarding the victim's hearsay statements. Thereafter, three more witnesses testified to the children's hearsay statements. Their testimony too, although not objected to by the defendant, was not accompanied by any instruction. The instruction was not given again until after the close of the prosecution's case.

We conclude, and the People concede, that the trial court committed error in not

giving a cautionary instruction contemporaneously with the testimony of each hearsay witness. However, because the defendant, other than his one motion for a mistrial, failed to repeat his objection to this error, the dispositive issue here is whether the error was so prejudicial as to dictate that the defendant's conviction be reversed. We conclude that it was.

■ To find plain error, this court must conclude, after reviewing the record as a whole, that the trial court's failure to give contemporaneous cautionary instruction so undermined the fundamental fairness of the trial that it cast serious doubt on the reliability of the judgment of conviction. *People v. McClure, supra.*

Despite this stringent standard, plain error mandating reversal has been found on a number of occasions. In *McClure*, where six witnesses testified, at least two of whom were experts, the Supreme Court held that the failure to give *any* contemporaneous cautionary instruction was plain error. In *People v. Wilson*, 821 P.2d 824 (Colo.App.1991) and *People v. Cowan*, 813 P.2d 810 (Colo.App.1991), where, in addition to the number of witnesses, the length of the trial proceedings and delay and interruptions were factors, this court held that intermittent or sporadic instruction was insufficient to avert plain error.

Indeed, only in a limited number of circumstances which involve the court's failure to instruct contemporaneously has plain error been averted. *See People v. Diefenderfer*, 784 P.2d 741 (Colo.1989) (court failed to instruct one of two witnesses); *People v. Miller*, 821 P.2d 881 (Colo. App.1991) (non-instructed witness' testimony corroborated that of the victim). *See also People v. Flysaway*, 807 P.2d 1179 (Colo.App.1990).

■ Upon thorough review of the foregoing cases, we conclude that the facts here, while certainly distinguishable in a number of respects, generally parallel those of *McClure* and those cases in which we have found reversible error.

As in these cases, the trial here was lengthy and complex. Indeed, it extended over five days and involved, in total, sixteen witnesses. Moreover, as in *McClure*, the court here, critically, failed to give an instruction contemporaneously with the hearsay testimony of two expert witnesses as well as four other witnesses. A review of their testimony discloses that each testified as to statements made by the children identifying the defendant as the perpetrator. Thus, not only was this testimony, absent instruction, harmful because it was presented by experts, as well as by non-experts, but such harm was potentially intensified in this case by the testimony's corroborative nature. Finally, while this trial did not present the delays and interruptions pertinent in *Wilson, supra,* and *Cowan, supra,* the result is the same—sporadic, untimely instruction which created a potentially disparate "examination" of the children's various hearsay statements.

■ The sole purpose of contemporaneous instruction is to alert the jury to the suspect nature of the hearsay testimony and thereby promote a *critical* examination of the hearsay evidence by the jury as it is being received. *People v. McClure, supra.* This is the point in time when the initial impressions concerning its probative value are being formed. Hence, the instruction must be timely and consistently given in order to accomplish the function of insuring a critical examination of the hearsay statements. This is especially so if, as here, the jury's task is complicated by a lengthy and complex trial in which the declarants are unavailable as witnesses.

In point of fact, the damage caused by giving the "instruction" contemporaneously with some witnesses testimony and not with that of others may well have sent exactly the wrong message, to wit: that as to certain witnesses the critical examination mandated by *McClure* was not required.

In sum, under the circumstances here, we cannot say with any assurance that the outcome of the trial was not unduly affected by the trial court's failure to give timely and consistent contemporary cautionary instructions.

## II.

As to the defendant's other arguments, none are likely to recur on retrial. Hence, we decline to address them here.

The judgment is reversed and the cause is remanded for a new trial.

TURSI, J., concurs.

STERNBERG, C.J., dissents.

Chief Judge STERNBERG dissenting.

The majority reverses this conviction because it concludes that the trial court erred in admitting hearsay statements of the victim and her brother without giving contemporaneous cautionary instructions. I agree that the court erred in this regard; however, since cautionary instructions were given at three different times during the testimony of the witnesses and a fourth time as one of the regular instructions, I see no prejudice to defendant that requires reversal.

As noted in the majority opinion, nine witnesses testified in greater or lesser detail concerning hearsay statements of the child victim and her brother. During the testimony of the fifth witness the prosecution brought to the court's attention the requirements of § 13–25–129(2), C.R.S. (1987 Repl.Vol. 6A), and of *People v. McClure*, 779 P.2d 864 (Colo.1989) and subsequent cases. At that time, the court gave the instruction quoted in the majority opinion. Significantly, the instruction alerted the jury to hearsay testimony by both previous and future witnesses.

That instruction was given on the afternoon of the second day of trial. A nearly identical instruction was given after two other witnesses testified on the next morning. One of these was an expert who testified with great detail regarding the victim's hearsay statements. Thereafter, after the People rested, the court gave the instruction for the third time. Finally, for the fourth time, an almost identical instruction was given the jury verbally and in typed form as part of the charge.

Section 13–25–129(1), C.R.S. (1987 Repl. Vol. 6A) requires the trial court to give a cautionary instruction on credibility when a child victim's hearsay statement is admitted under that statute. In *McClure*, our supreme court interpreted the statute to require the giving of a contemporaneous instruction, as well as one at the end of the case. There, only the general instruction on witness credibility was given. The court reversed the conviction because there was serious doubt as to the reliability of the jury's verdict.

Cases decided after *McClure* have held that, depending upon the circumstances, failure to give a contemporaneous instruction may not be plain error if the instruction is given at other times. *See People v. Diefenderfer*, 784 P.2d 741 (Colo.1989). There, similar to the situation in this case, the instruction was given when one witness testified but not when another did and was given at the close of the case. The judgment of conviction was upheld.

In *People v. Flysaway*, 807 P.2d 1179 (Colo.App.1990), this court reviewed several of the post-*McClure* cases and upheld a conviction in which the required cautionary instruction was given only at the conclusion of the case.

Thus, while the failure of the trial court to give a contemporaneous instruction as each witness testified about a child victim's hearsay statement is error, and while it is inexplicable why counsel in cases tried after the *McClure* decision was announced do not tender and request contemporaneous instructions, nevertheless, here, in my view, the error does not require reversal.

Reversal is mandated here only if we interpret *McClure* as laying down a bright line per se rule that failure to give contemporaneous instructions is reversible error. As is obvious from *McClure* itself and subsequent cases, no such per se standard was adopted. Rather, under *McClure*, reversal is mandated only if the error in not giving the instruction contemporaneously with the testimony of each and every witness so undermines the fundamental fairness of the trial itself as to cast serious doubt on the reliability of the judgment of conviction. *Compare People v. McClure, supra with People v. Wood*, 743 P.2d 422 (Colo.

1987). *See also People v. Miller*, 821 P.2d 881 (Colo.App.1991).

Based on this standard, the case should not be reversed on this issue.

None of the other contentions raised by the defendant constitute reversible error; therefore, I would affirm the conviction.