**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Gary S. JONES, Defendant–Appellant.**

**No. 90CA1997.**

Colorado Court of Appeals, Div. II.

Feb. 25, 1993.

Rehearing Denied March 25, 1993.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John J. Krause, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Nancy B. Newport Smith, Sp. Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge SMITH.*

The defendant, Gary Jones, appealed a judgment entered on a jury verdict finding him guilty of sexual assault on a child and

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

child abuse resulting in bodily injury. This court reversed that judgment, *People v. Jones*, 843 P.2d 67 (Colo.App.1992) but, on certiorari, the Supreme Court vacated the judgment of this court and remanded with directions that we reconsider in light of *People v. Wilson*, 838 P.2d 284 (Colo.1992). Upon such reconsideration, we now affirm both the judgment of conviction and the sentence imposed.

## I.

Defendant contends that the trial court committed reversible error in admitting hearsay statements of the victim, age four, and her brother, age six, without contemporaneous cautionary instruction as required by § 13–25–129(2) C.R.S. (1987 Repl.Vol. 6A). Under the circumstances of this case, we disagree.

Here, as described in *People v. Jones, supra,* nine witnesses were permitted to testify to the hearsay statements of the victim and her brother, and a cautionary instruction was given during the testimony of the fifth witness on the afternoon of the second day of trial, and again the next morning, plus after the People rested, and finally in the charge to the jury at the end of trial.

Defendant argues that, under the circumstances at issue, the absence of a cautionary instruction after each hearsay witness was reversible error. We disagree.

■ In order to safeguard the defendant's right of confrontation and his due process right to a fair trial, § 13–25–129(2) requires that the court instruct the jury *whenever* a child's hearsay statements are admitted. *People v. McClure*, 779 P.2d 864 (Colo.1989).

■ Nonetheless, whether the failure of the court to so instruct is reversible error depends, not on the trial court's failure to instruct after each witness, but rather, on the particular circumstances of each case. And whether, in light of these circum-

and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

stances, "we can say with fair assurance that the trial court's failure to give the statutory cautionary instruction so undermined the fundamental fairness of the trial as to cast serious doubt on the reliability of the judgment of conviction." *People v. Wilson*, 838 P.2d 284, 290 (Colo.1992).

As noted above, the jurors here was instructed *four* times over the course of the five-day trial that it was their responsibility to determine the weight and credibility to be given the hearsay statements of the children. Although all but one were not "contemporaneous," all, we conclude, were strategically given. Specifically, the first instruction was given following the first full morning of successive hearsay testimony by non-expert witnesses. The second instruction was contemporaneously given during the extensive testimony of the victim's expert. Finally, the third instruction was given at the close of the People's case and repeated just prior to jury deliberation. In addition to the above, the first instruction was expansively worded—referring the jury to past and future hearsay testimony.

Because of the frequency and particular aspects of the court's contemporaneous cautionary instructions and the apparent lack of such factors such as delay and interruption during trial, we conclude it would be "utter speculation" for us to conclude that the jury was "misled" in evaluating the testimony of those hearsay witnesses whose testimony was unaccompanied by a contemporaneous cautionary instruction. *See People v. Wilson, supra*, at 292. Accordingly, the trial court, in failing to instruct after each hearsay witness, did not commit reversible error.

## II.

Next, defendant contends that the trial court erred in failing to declare a mistrial following the People's elicitation of irrelevant and highly prejudicial testimony concerning another victim, "Katie." We disagree.

■ The determination of whether to declare a mistrial is vested in the trial court's sound discretion and should not be dis-

turbed absent evidence that the trial court grossly abused this discretion. *Massey v. People*, 649 P.2d 1070 (Colo.1982).

■ The record discloses that the reference to "Katie" was fleeting and that at the time the victim's physical findings and description of events, not "Katie," was the focus of the witness' testimony. Moreover, the record reveals that the jury received the following curative instruction following the testimony at issue:

Ladies and gentlemen, you have just heard a reference to Katie. You are hereby instructed that the defense and the prosecution stipulate or agree that there is no evidence that Katie was abused. You are further instructed that the defense and the prosecution agree that Dr. Cantwell examined Katie and found no evidence of any abuse of any kind.

You are therefore admonished to disregard the statements of [the victim] to Dr. Cantwell regarding Katie.

Given the nature of the contested reference and of the instruction above, we conclude that it was well within the sound discretion of the trial court to deny defendant's motion for a mistrial.

## III.

Next, defendant contends that the testimony of the People's expert deprived him of a fair trial. We disagree.

### A.

■ First, defendant contests the propriety of one expert's testimony that the victim was not "suggestible," arguing that this testimony implied the victim was credible. We disagree that this was necessarily the expert's implication.

The record reveals the following colloquy between the People and their expert:

Question. Doctor, are four-year-old children typically—and I'm not talking about [the victim] in particular—but are four-year-old girls typically intellectually and developmentally able to fabricate allegations of sexual abuse?

Answer. Usually not. I'm sure its possible.

Question. With respect to [the victim] herself, is she what you would describe as a suggestible type person?

Answer. No, she is not.

Question. Could you elaborate on that?
. . .

. . . . .

Answer. I think there are just several times where she'll disagree with me about anything. Doesn't have to be something that I think of as particularly significant or whatever ... She is really very intent on being in control throughout our therapy sessions.

We conclude, from the testimony above, that the witness' implication was not that the victim was necessarily credible because she was not suggestible, but rather that it would be unlikely she would agree to something "suggested" by an adult, and hence, in the witness' opinion, her story, *whether true or false*, was likely to have emanated from within the victim, not from someone else.

Accordingly, we perceive no error in the admission of this testimony.

### B.

■ Next, defendant contests the expert's testimony relating to post-traumatic stress syndrome. We conclude *People v. Fasy*, 829 P.2d 1314 (Colo.1992), which holds such testimony is admissible, is dispositive of defendant's argument.

### IV.

Defendant further contends that the trial court abused its discretion in sentencing him beyond the presumptive range. We disagree.

■ The record reveals that the trial court sentenced the defendant to twice the maximum term authorized in the presumptive range. The sentence is authorized under § 18-1-105(6), C.R.S. (1986 Repl.Vol. 8B) so long as the trial court concludes extraordinary aggravating circumstances are present. *People v. Walker*, 724 P.2d 666 (Colo.1986).

Here, the record reveals that, after reviewing many letters and hearing the arguments of counsel, the trial court noted that the defendant had a criminal history and had never accepted responsibility for his actions. Particularly as to this case, the trial court found the following aggravated circumstances were present:

One, that you were in a position of trust with this child at the time of the offense; two, the child's age ... a child of three years old. That's an aggravating circumstance. I don't care whether the jury found that there was serious bodily injury. We had a hymenal opening that was four and a half times normal. This child has been subjected to night terror and God knows how long she might be. Additional aggravating factors are that it obviously didn't happen on just one occasion, it happened several times over a period of time. The child was losing her hair. The child was emaciated, sickly, because her body wouldn't function right because her mind couldn't stand what was happening to her.

In short, the trial court identified a number of extraordinary circumstances, beyond those which constituted elements of the offense with which defendant was charged, which would justify the extended sentence. Accordingly, we perceive no abuse in the trial court's broad discretion regarding this matter. *See People v. Broga*, 750 P.2d 59 (Colo.1988).

### V.

Finally, defendant contends that the improper dismissal of the wrong juror, along with the People's failure to make a timely production of tapes of the victim's brother, affected the basic fairness of the trial. We have examined these arguments and conclude that they are without merit.

The judgment and sentence are affirmed.

STERNBERG, C.J., and TURSI, J., concur.