[No. 6895.]

## Rosenbaum v. Fueller.

Trial—*Directed Verdict*—Where there is substantial evidence tending to establish a cause of action, or a defense thereto, it is error to direct the verdict against the party producing such evidence.   It is not for the court to judge of the sufficiency of the evidence—(639).

*Error to Denver District Court.*—Hon. Greeley W. Whitford, Judge.

Mr. George F. Dunklee and Mr. O. E. Jackson, for plaintiff in error.

No appearance for defendant in error.

Mr. Justice Gabbert delivered the opinion of the court:

Plaintiff in error brought suit against defendant in error to recover damages caused by an automobile driven by the defendant colliding with a buggy in which she was riding.   At the conclusion of the testimony on the part of the plaintiff, a motion for a non-suit was interposed and denied.   The defendant then introduced his testimony, and at the conclusion of all the evidence the defendant moved for a directed verdict in his favor, which was sustained.   From a verdict and judgment accordingly, plaintiff brings the case here for review on error.

It is unnecessary to review the testimony in detail, it being sufficient to state, generally, that the evidence established that plaintiff was severely injured, and that there was testimony tending to prove that the negligence of the defendant caused the collision, while there was also testimony to the effect that the negligence of the plaintiff caused the two vehicles to collide.   Such being the status of the testimony, the cause should have been

submitted to the jury to determine under appropriate instructions which party was guilty of negligence which was the proximate cause of the collision. In a cause on trial before a jury, if there is substantial evidence tending to establish a cause of action, or the defendant's defense, it is error for the court to direct a verdict, because it is not for the court to judge of the sufficiency of the evidence.—*Lebanon M. Co. v. Cons. R..M. Co.*, 6 Colo. 371.

The judgment of the district court is reversed and the cause remanded for a new trial.

*Reversed and Remanded.*

Mr. JUSTICE MUSSER and Mr. JUSTICE HILL concur.