[No. 8561.]

## INTERNATIONAL TEXTBOOK COMPANY V. PRATT MERCANTILE AND PUBLISHING COMPANY.

1. APPEAL AND ERROR—*Questions Not Considered Below,* will not be entertained. Replevin. It was contended on error that no evidence was given of plaintiff's title to the goods; but the case went off in the trial court on the proposition that plaintiff was estopped to question the title asserted by defendant. The court therefore declined to consider this contention. (573.)

2. ESTOPPEL—*For the Jury,* where the question depends upon the inferences of fact to be drawn from the evidence, and reasonable men may differ in their conclusions. (574.)

*Error to Denver County Court.* Hon. IRA C. ROTHGERBER, Judge.

*Department.*

Messrs. ROGERS, ELLIS & JOHNSON and Mr. EARL H. ELLIS, for plaintiff in error.

Mr. JOHN R. SMITH, Mr. H. B. WOODS and Mr. STEPHEN A. PRATT, for defendant in error.

Opinion by Mr. Justice TELLER.

The plaintiff in error, the owner of the International Correspondence School, was plaintiff below in an action in replevin to recover from defendant in error certain books, which the record shows had been loaned by plaintiff to various students of the correspondence school which it conducts.

The defendant claimed the books by purchase from persons having possession of them. It appears that plaintiff loaned the books to the students, under a contract by which it was agreed, among other things, that no person not a holder of one of plaintiff's scholarships should ever be permitted to study from them, and that the students might use the books so long as they complied with the terms of the contract, in default of which they should return the books on demand.

The defense was that plaintiff was estopped to claim the books because the defendant had for a long time been buying such books, in good faith, from persons having possession of them, without knowledge of plaintiff's claim, or in the belief that plaintiff did not dispute the right of these parties to deal in such books, so long as the scholarships under which the books had been delivered to such third parties, had been paid for; and that defendant relied upon the possession of said parties.

On the trial defendant's manager testified that the defendant company had handled these text books constantly during the time of his connection with the business, a period of twenty-two years; that the books were purchased from those who were or had been students of the school.

He further testified that he knew that the books were obtained from the company, under a written contract, and

that he might have had one of these contracts, but had not given it particular attention until the suit was begun; that he had known cases where the books had been retained for fifteen years after the completion of the course of study, without any demand for their return; hence, he supposed that there was no claim by plaintiff to ownership of the books "after they were paid for."

The County Court directed a verdict for the defendant, and entered judgment accordingly.

For the plaintiff in error it is urged that the circumstances of this case do not raise an estoppel, for the reason that there is no evidence that plaintiff in error did anything, or omitted to do anything which it was its duty to do, which could have misled defendant to its injury.

The court held that the only issue to go to the jury was that of estoppel, hence we have only to determine whether or not the court erred in directing a verdict for the defense on that issue.

Counsel for defendant in error now make the point that there was no evidence that the plaintiff in error owned the books, but as the court found against that contention, if made below, by holding that there was an issue on the question of estoppel, and no exception seems to have been made to such ruling, we cannot now consider its correctness.

Rights are not to be divested by means of estoppel, unless all the elements of it are clearly and fully established. *Patterson v. Hitchcock,* 3 Colo. 533; *Kirby v. Union Pacific Ry. Co.,* 51 Colo. 509, 119 Pac. 1056.

It is well understood what those elements are, and it is for the jury, when instructed as to what constitutes an estoppel as a matter of law, to determine whether the necessary matters have been proved.

In this case the jury might well have found that defendant's knowledge of the contract was sufficient to offset any inferences which might properly be drawn from the

plaintiff's long acquiescence in the possession of the books by the students. It was also a question as to what inferences were to be drawn from plaintiff's failure sooner to take action to prevent the continued trading in the books.

Could it properly be concluded from the facts in evidence that the plaintiff knew that the books were bought and sold, and were the purchases in fact made in reliance upon plaintiff's conduct? All these are matters for the jury to decide, and in this case it cannot be said that reasonable men would not differ as to the conclusions to be reached from their consideration.

Again, the question of the time of purchase of the books in controversy is important, since it could not be said of the first books purchased that the same presumption of knowledge on the part of plaintiff would exist, as in the case of the later purchases in a series of dealings extending over many years.

On this subject, again, different persons might come to different conclusions.

The evidence is wholly lacking in that conclusiveness which makes a directed verdict proper. For this reason the judgment is reversed and the cause remanded to the County Court.

Chief Justice GABBERT and Mr. Justice HILL concurring.