## No. 10,204.

## GENERAL ACCIDENT FIRE & LIFE ASSURANCE CORPORATION *v.* COHEN, ET AL.

### Decided January 9, 1922.

Action on policy of insurance against loss by burglary. Directed verdict for plaintiffs.

### *Reversed.*

### *On Application for Supersedeas.*

1. VERDICT—*Directed*—*Conflicting Testimony.* Where there is a substantial conflict of testimony upon the matter at issue, and the record shows that a verdict for defendant would not have been manifestly against the evidence, it is error to direct a verdict for plaintiff.

*Error to the District Court of the City and County of Denver, Hon. L. C. Stephenson, Judge.*

Mr. FRANK L. GRANT, for plaintiff in error.

Mr. IRA C. ROTHGERBER, Mr. WALTER M. APPEL, for defendants in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is an action by the insured against the insurer upon a policy of insurance against loss by burglary. There was a directed verdict in favor of the plaintiffs, and thereafter a judgment in accordance with the verdict was rendered for plaintiffs. A motion for new trial was dispensed with. The defendant brings the cause here for review, and applies for a supersedeas.

The only question presented for our determination is whether the court erred in directing the verdict.

The alleged loss, sought to be indemnified in this case, is one by alleged burglary of a store-room on the second floor

of a building adjoining an alley. The only place of entry, in the commission of the burglary, is, by the plaintiffs' evidence, designated as a window facing the alley. The policy of insurance sued on indemnifies for loss by burglary under the conditions shown or provided for in the following clause:

"(1)   For All Loss by Burglary of merchandise, * * * occasioned by any person or persons who shall have made felonious entry into the premises by actual force and violence when such premises are not open for business, of which force and violence there shall be visible marks made upon the premises at the place of such entry, by tools, explosives, electricity or chemicals."

The allegations of the complaint showing these conditions to exist, were denied in the defendant's answer.

The record shows a substantial conflict of testimony upon the issue of whether there were visible marks of force and violence at the place of entry. The record further shows that a verdict for defendant would not have been manifestly against the weight of the evidence. It was error to direct a verdict for plaintiffs. *Rosenbaum v. Fueller,* 52 Colo. 638, 123 Pac. 648. Even if the plaintiffs' evidence as to marks of a felonious entry into the premises was not contradicted, it would still be error to direct a verdict. *Colorado Springs v. Coray,* 25 Colo. App. 460, 139 Pac. 1031. The jury might not believe their testimony. *Ward v. Atkinson,* 22 Colo. App. 134, 123 Pac. 120. Moreover, if the jury found that there were visible marks at the place of entry, it might find that such marks were not marks, by tools, of force and violence used in making a felonious entry. The jury may draw inferences of fact from other facts. *International Text Book Co. v. Pratt, etc. Co.,* 61 Colo. 571, 158 Pac. 712; 38 Cyc. 1517.

The judgment is reversed and the cause remanded for new trial.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT, and MR. JUSTICE BURKE concur.