592 P.2d 415 (1976)
The PEOPLE of the State of Colorado, Petitioner-Appellant,
IN the INTEREST OF M. A. L. et al., children, and concerning D. L., Respondent-Appellee, and
S. L., Respondent.
No. 75-353.
Colorado Court of Appeals, Div. II.
February 5, 1976.
As Modified on Denial of Rehearing March 18, 1976.
Certiorari Denied May 24, 1976.
*416 Joyce K. Herr, Asst. County Atty., Golden, for petitioner-appellant.
Myron A. Clark, Denver, Lenny L. Croce, Golden, for respondent-appellee.
Selected for Official Publication.
ENOCH, Judge.
The People filed a petition alleging that respondent father D.L.'s four children were neglected or dependent as a result of child abuse. Respondent mother, S.L., did not enter an appearance in this appeal, nor is she living with the family. A jury found that the children were not dependent or neglected and the People appeal. We affirm.
The person who had volunteered to take care of the children for a day while the respondent, D.L., was at work, observed bruises on each of them, and the following day this babysitter mentioned the bruises to an agent of the Lakewood Department of Public Safety who initiated an investigation. Subsequently the Department of Social Services was granted temporary legal custody of the four children and the People filed this petition alleging that the children were neglected or dependent. It was brought out in the presentation of the People's case that D.L.'s explanation for the bruises was that he had disciplined his children by corporal means, utilizing a belt strap, and that he did not consider the punishment to be unreasonable. At the conclusion of the People's case, D.L. moved for a directed verdict, but the trial court found that the People had made a prima facie case, and denied D.L.'s motion. D.L. chose not to present any evidence beyond his explanation of the bruises, that had been included in the People's case. The People then moved for a directed verdict, this motion was denied, and the case was allowed to go to the jury.
*417 The People allege that the verdict was manifestly against the weight of the evidence, that the court erred in denying its motion for a directed verdict at the close of all the evidence, and that the court erred in refusing to give a jury instruction offered by the People which defined abuse and qualified the petitioner's burden of proof.
The People's argument that the jury verdict is not supported by the evidence is directed toward an interpretation of the provisions governing child abuse contained in the Colorado Children's Code. See §§ 19-3-106(6)(a) and XX-XX-XXX(1), C.R.S. 1973. The People assert that since the evidence was uncontradicted that there were bruises on each of the children, and that respondent father had caused these non-accidental injuries, the jury was not entitled to consider other factors, such as the reasonableness of the punishment, or lack of permanent damage to the children. We reject the People's construction of the Children's Code, and its conclusion that proof of non-accidental injury is the only factor that a jury may consider.
If we were to adopt the statutory interpretation urged by the People, the mere application of a parent's hand to a child's backside, which results in even minimal bruising would, as a matter of law, require a finding of neglect or dependency. Such a result would preclude any explanation or consideration of the reasonableness of the act which caused the bruising. We do not perceive that the legislature intended such a result. Therefore we hold that where, in a neglect or dependency proceeding, it is shown that a child has sustained a non-accidental injury resulting from an instance of parent-administered corporal punishment, the reasonableness of that punishment is a question to be decided by the trier of fact. Since there was evidence presented in this case which would support a jury determination that the bruises resulted from reasonable corporal punishment, and hence did not constitute "child abuse," the verdict and resulting judgment will not be disturbed on review. Johnson v. People, 170 Colo. 137, 459 P.2d 579.
The People also argue that since the trial court ruled that petitioner had made a prima facie case and since respondent failed to present any evidence, petitioner was entitled to a directed verdict at the close of all the evidence. However, even if a petitioner's case-in-chief is sufficient to establish a prima facie case, if it also contains conflicting evidence or if conflicting inferences are possible from the evidence, then a directed verdict may not properly be entered. See Nettrour v. J. C. Penney Co., 146 Colo. 150, 360 P.2d 964. Here, there was sufficient evidence presented in the petitioner's case-in-chief to create a jury question as to the reasonableness of the father's discipline; therefore, petitioner was not entitled to a directed verdict. Rosenbaum v. Fueller, 52 Colo. 638, 123 P. 648. See also LaFitte v. City of Fort Collins, 42 Colo. 293, 93 P. 1098.
Furthermore, we do not agree with the People's argument that the Colorado Children's Code has modified the normal burden of proof rule so that the presentation of a prima facie case entitles the People to a directed verdict. Section 19-3-106(6)(a), C.R.S.1973, states in part:
"In cases concerning neglected or dependent children, evidence that child abuse or non-accidental injury has occurred shall constitute prima facie evidence that such child is neglected or dependent and such evidence shall be sufficient to support an adjudication under this section."
This section does not lessen or shift the burden of proof. It allows the trial court to submit a case to the jury once the petitioner has presented a prima facie case, i. e., evidence that non-accidental injury has occurred, and if the jury finds the children are neglected or dependent, that prima facie evidence shall be sufficient to uphold the jury's determination. The section in question does not direct that an adjudication of neglect or dependency shall be made on evidence merely showing non-accidental injury, nor does it indicate that a respondent has the burden to rebut the evidence presented.
*418 Relying on People in the Interest of R.K., 31 Colo.App. 459, 505 P.2d 37, the People also assert that the trial court erred in refusing their tendered instruction containing the definition of "abuse" which appears in § 19-10-101(1), C.R.S.1973, as part of the article titled "Reporting Child Abuse." That definition reads:
"`Abuse' means any case in which a child exhibits evidence of skin bruising . . and such condition or death is not justifiably explained, or . . . circumstances indicate that such condition . . may not be the product of an accidental occurrence." (emphasis supplied)
We find no error in the refusal of the instruction.
Insofar as relevant to this case, in adopting the Children's Code the General Assembly must have contemplated two distinct types of injuries that could serve as a basis for adjudicating a child dependent or neglected, viz., (1) where an injury to a child is not justifiably explained (referred to as "child abuse") or (2) where an injury to a child is intentionally inflicted (referred to as "non-accidental injury"). See §§ 19-3-105(4), 19-3-106(6)(a), and 19-10-108(2)(4), C.R.S.1973; see also C.R.J.P. 31(c).
R.K. establishes the elements of proof necessary to sustain a finding that a child is dependent or neglected when there is evidence that the child's injury may have been accidental. Necessarily, that burden of proof includes a requirement that the child's condition is not otherwise justifiably explained. However, where, as here, it is contended that the child is dependent or neglected because of injuries resulting from the intentional infliction of corporal punishment, an instruction on the definition of abuse in § 19-10-101(1), C.R.S.1973, is improper because it includes both unexplained and non-accidental injury. Such an instruction would tend only to confuse the jury. Hence, the instruction was properly refused.
Judgment affirmed.
RULAND and STERNBERG, JJ., concur.