**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Clarence McCLURE, Defendant–Appellant.**

No. 88SA51.

Supreme Court of Colorado, En Banc.

Sept. 18, 1989.

Rehearing Denied Oct. 16, 1989.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Hope P. McGowan, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Jeffrey K. Holmes, Denver, for defendant-appellant.

Justice ROVIRA delivered the Opinion of the Court.

The defendant, Clarence McClure, was convicted of sexual assault on a child by one in a position of trust, § 18–3–405(2)(b), 8B C.R.S. (1986). The defendant appealed and the case was subsequently transferred from the Colorado Court of Appeals to this court pursuant to section 13–4–110(1)(a),

6A C.R.S. (1987).[1] We reverse the defendant's conviction and remand for a new trial.

## I.

The defendant, a 68–year–old retiree, lived with his wife in a three-bedroom house in Denver. In 1983, defendant's daughter, Patricia, and her husband, Dennis, moved into the defendant's home. They brought with them Patricia's five children by previous marriages and Dennis' four daughters by a previous marriage, one of whom was Carol. On July 23, 1985, Patricia and Dennis had a domestic dispute and the defendant ordered Dennis to leave his home. Dennis moved to Lowry Air Force Base and placed his four daughters with their mother.

The following month, Carol, then 13–years–old, told her father that she had been sexually molested by the defendant while they were living in his home. Two days later, Dennis told personnel at Lowry Air Force Base about his daughter's statement. Carol was interviewed by Mary Wolverton, a social worker at Fitzsimons Army Medical Center, and by Katherine Rivera of the Denver Department of Social Services. Carol told them that the defendant had sexually molested her, describing the alleged acts in detail. The next day, Carol was examined by Dr. Hendrika Cantwell, and interviewed by John Thomas, a social worker, and Detective James Malone of the Denver Police Department. During the interview with Thomas and Malone, Carol said that the sexual assault occurred sometime between May 1 and June 8, 1985. She again described the sexual contact which had been performed by the defendant.

Prior to trial, the People filed a motion *in limine* requesting the district court to admit certain hearsay statements made by Carol to thirteen individuals, pursuant to section 13–25–129, 6A C.R.S. (1987). The district court held a hearing to determine whether the statements concerning the al-

leged sexual assault met the statutory criteria for admission. Over defendant's objection, the court concluded that statements made to seven of the people contained sufficient safeguards of reliability, and that these witnesses would be permitted to testify at trial to Carol's out-of-court statements. At trial, the People called six of the witnesses: Dennis, Carol's father; Melissa, Carol's sister; Rivera and Thomas, social workers; Malone, the investigating police officer; and Dr. Cantwell, the examining pediatrician. Each of these witnesses, with the exception of Dr. Cantwell, testified to the details of the sexual assault as related to them by Carol. The trial court failed to give the jury the special cautionary instruction required by section 13–25–129(2), 6A C.R.S. (1987). However, the defendant failed to request such instruction, and did not object to the fact that it was not given.

## II.

On appeal, defendant contends that the trial court's failure to instruct the jury, pursuant to the statute, constitutes plain error. Under the circumstances of this case, we agree.

■ In 1983, the General Assembly enacted a special exception to the hearsay rule for out-of-court statements made by a child who is the victim of an unlawful sexual offense. Section 13–25–129(1), 6A C.R.S. (1987), provides:

> An out-of-court statement made by a child ... describing any act of sexual contact, intrusion, or penetration, ... performed with, by, on, or in the presence of the child declarant, not otherwise admissible by a statute or court rule which provides an exception to the objection of hearsay, is admissible in evidence in any criminal, delinquency, or civil proceedings in which a child is a victim of an unlawful sexual offense....

*See also* § 18–3–411(3), 8B C.R.S. (1986); § 19–1–107(2.5), 8B C.R.S. (1986). Prior to

---

1. This case was transferred from the court of appeals because the defendant challenges the constitutionality of section 13–25–129, 6A C.R.S. (1987). *See* § 13–4–102(1)(b), 6A C.R.S. (1987).

We do not reach this issue, however, because we have resolved the case on non-constitutional grounds.

adoption of this statute in 1983, no specific hearsay exception existed for such statements, and a child's report of sexual assault was often declared inadmissible hearsay. *See, e.g., W.C.L. v. People,* 685 P.2d 176 (Colo.1984). Thus, the statute is in derogation of common law, and must be strictly construed. *Pigford v. People,* 197 Colo. 358, 593 P.2d 354 (1979). Further, the statute must be strictly construed in favor of the accused. *People v. Roybal,* 618 P.2d 1121 (Colo.1980).

In addition to providing an exception to the hearsay rule for a child declarant's out-of-court statements concerning sexual assault, the legislature set forth procedures to be followed in order to admit such statements. The statute requires that a hearing be conducted to determine the reliability of a hearsay statement, that the child either testify or be declared unavailable, that notice be afforded to the adverse party, and that a special cautionary instruction be given to the jury if such statement is admitted. Section 13–25–129(2) provides:

> If a statement is admitted pursuant to this section, the court shall instruct the jury that it is for the jury to determine the weight and credit to be given the statement and that, in making the determination, it shall consider the age and maturity of the child, the nature of the statement, the circumstances under which the statement was made, and any other relevant factor.

It is clear that the procedural safeguards imposed by the legislature are designed to safeguard those rights of the defendant which are implicated when a hearsay statement is permitted into evidence. That is, the procedures are designed to protect the defendant's right of confrontation and his due process right to a fair trial.

Hearsay is inadmissible unless deemed otherwise admissible by virtue of having a foundation of reliability, either by rule or statute. *W.C.L. v. People,* 685 P.2d 176 (Colo.1984). We have previously held that:

> The confrontation right and hearsay rules stem from the same roots and are designed to protect similar interests based on the premise that testimony is

much more reliable when given under oath at trial, where the declarant is subject to cross-examination and the jury may observe his demeanor.

*People v. Dement,* 661 P.2d 675, 680 (Colo. 1983). Furthermore, when an expert witness testifies as to a hearsay statement, there is a danger that the jury will accept the statement as true, without critically evaluating the credibility of the source of the statement. Thus, admission of a child's out-of-court statements through the testimony of other witnesses creates a danger that a defendant's rights may be prejudiced. However, particularly in a sexual assault case, admission of the child's hearsay statements may be necessary for the prosecution to prove its case.

Here, the legislature has struck a balance between the necessity of proof on the part of the prosecution and the danger of unfair prejudice to the defendant by requiring that a cautionary instruction be given whenever a child's out-of-court statement is admitted pursuant to section 13–25–129. Such an instruction directs the jury to use special care in evaluating the credibility of the child who made the statement and the circumstances under which the statement was made. In recognition of the suspect nature of hearsay evidence, and in obedience to the legislative mandate, we hold that a trial court must give the cautionary instruction contemporaneously with the admission of this particular type of evidence, and again in the court's general charge to the jury at the conclusion of the case, and failure to do so is reversible error. *See People v. Mathes,* 703 P.2d 608 (Colo.App.1985).

This court has developed similar prophylactic rules which require a cautionary instruction upon admission of evidence which inherently creates a danger of unfair prejudice to the defendant. *See, e.g., Stull v. People,* 140 Colo. 278, 344 P.2d 455 (1959) (admission of similar transaction evidence). In such a case, we have indicated that the trial court should give the cautionary instruction to the jury even when the defendant fails to request such an instruction. *People v. Scheidt,* 182 Colo. 374, 513 P.2d

446 (1973); *Stull,* 140 Colo. 278, 344 P.2d 455. Here too, we believe a trial court should instruct the jury in accordance with section 13–25–129(2), whenever a child's out-of-court statement is admitted pursuant to this statute, regardless of whether the defendant requests such an instruction. In this way, a defendant's confrontation and due process rights will be more adequately safeguarded.

■ We must now consider whether the trial court's failure to instruct the jury sua sponte constitutes plain error which mandates reversal. Plain error exists only if, after reviewing the entire record, we can say with fair assurance that the error so undermined the fundamental fairness of the trial itself as to cast serious doubt on the reliability of the judgment of conviction. *Wilson v. People,* 743 P.2d 415 (Colo. 1987).

■ Five witnesses testified extensively as to the details of the sexual assault. Of these five witnesses, two were qualified as experts, and a third was a police officer with extensive experience in child sexual assault. Each witness' testimony corroborated the substance of the other witnesses' testimony. With five witnesses reinforcing Carol's testimony concerning the details of the sexual assault, the child's credibility may very well have been bolstered in the eyes of the jury. In the absence of the cautionary instruction, which makes the jury aware of the suspect nature of hearsay evidence, the jury may have failed in its responsibility to examine the credibility of the source of these statements. We cannot say, with any assurance, that the outcome of this trial was unaffected by the trial court's failure to give the cautionary instruction.

In *People v. Wood,* 743 P.2d 422 (Colo. 1987), this court held that while the trial court should have given the cautionary instruction mandated by section 13–25–129(2), the failure to do so did not amount to plain error. However, in that case, the controversy centered around testimony by the victim's schoolmate that the victim had told her that she was being sexually abused by her father, and the schoolmate then told the victim to talk to a school counselor. We held that because this testimony served merely to corroborate the testimony of the victim that she had informed two of her schoolmates of the sexual abuse and that one of them had told her that she "should have told somebody," failure to give the instruction did not constitute plain error. *Id.* at 428. *Wood* is readily distinguishable from the current case. That case involved the testimony of one witness as opposed to five. In addition, in *Wood* there was no danger that testimony given by an expert would be imbued with special credibility, whereas in this case such a substantial risk does exist. Finally, the content of the testimony was of a substantially different nature. In *Wood,* the schoolmate merely testified that the victim had told her of the abuse several days after its occurrence. No details of the sexual acts were disclosed in this testimony. As such, the testimony in *Wood* was similar to complaint or "outcry" evidence, which does not constitute inadmissible hearsay. *People v. Gomez,* 184 Colo. 319, 519 P.2d 1191 (1974). *See also People v. Fierro,* 199 Colo. 215, 606 P.2d 1291 (1980). Here, in contrast, five witnesses testified as to the details of the sexual assault.

In view of the number of witnesses, their credentials, and the content of their testimony, we cannot say that the trial court's failure to give the cautionary instruction to the jury did not prejudice the defendant's rights to a fair trial. Thus, the trial court's failure to give such an instruction constitutes plain error. *See People v. Roberts,* 738 P.2d 380 (Colo.App.1986).

The judgment is reversed, and the case is remanded to the district court for a new trial.