**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Cedric HENRY, Defendant–Appellant.**

**No. 92SA114.**

Supreme Court of Colorado,
En Banc.

Feb. 8, 1993.

Rehearing Denied March 8, 1993.

---

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy K. Tymkovich, Sol. Gen., John Daniel Dailey, Deputy Atty. Gen., Robert Mark Russel, First Asst. Atty. Gen., Roger G. Billotte, Asst. Atty. Gen., Appellate Section Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Katherine Brien, Deputy State Public Defender, Denver, for defendant-appellant.

Justice VOLLACK delivered the Opinion of the Court.

Appellant Cedric Henry (Henry) appeals from a district court order in *People v. Henry*, No. 91CR1971, wherein the district court ruled that application of a drug offender surcharge set forth in section 18–19–103, 8B C.R.S. (1992 Supp.), does not violate the proscription against ex post facto laws. We disagree, and remand the case for further proceedings consistent with this opinion.

## I.

On June 28, 1991, a Denver police officer approached Henry and negotiated a purchase of crack cocaine in the amount of $40. The officer subsequently arrested Henry when Henry delivered the crack cocaine to the officer. On July 3, 1991, the People of the State of Colorado (the People) charged Henry with various offenses pertaining to unlawful possession with the intent to sell or distribute cocaine. On August 5, 1991, Henry entered a plea of guilty to one count of unlawful possession of lysergic acid in violation of section 18–18–105, 8B C.R.S. (1986).

As a result of the plea, the district court sentenced Henry to serve 53 days flat time and two years probation. The district court ordered Henry to pay $30 in court costs, $100 to the victim compensation fund, $100 to the victim assistance fund, and $20 per month in supervision fees. The district court also ordered Henry to pay $1,000 to the drug offender surcharge fund pursuant to section 18–19–103. Henry objected to the imposition of the surcharge, and argued that the surcharge was a penalty that was not in effect at the time Henry committed the offense. The district court concluded that the statute, by its terms, applied.

Henry subsequently perfected an appeal to the court of appeals. On March 11, 1992, this court accepted jurisdiction over the case pursuant to section 13–4–110(1)(a), 6A C.R.S. (1987).

## II.

Our opinion in part II of *People v. Stead*, 845 P.2d 1156 (Colo.1993), dictates

that application of section 18–19–103 to Henry violates the proscription against ex post facto legislation. Henry committed an offense on June 28, 1991. For the purpose of ex post facto analysis, we look to the law annexed to an offense on the date when the defendant is charged with committing that offense. *Id.*, at 1158–59. Section 18–19–103 was not annexed to section 18–18–105 on June 28, 1991. Accordingly, imposition of a surcharge on Henry under that section inflicts a greater punishment than the law annexed to the crime when committed, thus violating the proscription against ex post facto legislation. *See People v. Aguayo*, 840 P.2d 336, 339 (Colo. 1992).

We reverse the district court order and remand for further proceedings consistent with this opinion.