The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Harold Joseph RACHELI, Defendant–Appellant.

No. 91CA1766.

Colorado Court of Appeals, Div. I.

Jan. 27, 1994.

Rehearing Denied March 3, 1994.

Certiorari Denied Aug. 8, 1994.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Roger G. Billotte, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Martin Gerra, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge PIERCE *.

Defendant, Harold Joseph Racheli, appeals from a judgment of conviction entered upon a jury verdict finding him guilty of two counts of possession and sale of cocaine. He also appeals the imposition of a drug surcharge as part of the sentence. We affirm the judgment of conviction, vacate the sentence provision relating to the drug surcharge, and remand the case to the trial court for correction of the mittimus.

## I.

Defendant asserts the prosecution improperly bolstered the testimony of its key witness and improperly vouched for his credibility despite the objection of the defense. We disagree.

During direct examination, the prosecution asked the undercover police informant in this case about a plea agreement the informant had entered into with respect to his providing testimony in this case. The agreement had previously been introduced into evidence without objection.

The following exchange took place:

Q: (Prosecutor) ... did you at one point tell [the detective] you'd do anything to save your own butt?

A: Yes, I did, the night I got arrested.

Q: Is that including lying in court?

A: No.

Q: Are you telling the truth here today?

At this point defense counsel objected and was overruled. The prosecutor then continued:

Q: Are you lying here today?

A: No, I'm not.

Q: Does the agreement you signed required [sic] that you continue to give truthful testimony or the deal is off, essentially?

A: Yes, it does.

Q: And you know that, don't you?

A: Yes.

Colorado appellate courts have not directly addressed the issue of whether the prosecution may elicit testimony during direct examination regarding the provisions of a witness' plea or cooperation agreement with the government requiring truthful testimony. The federal courts that have addressed the issue are split in their results.

*United States v. Roberts*, 618 F.2d 530 (9th Cir.1980) indicates that a prosecutor may not argue to a jury that a witness should be believed because he signed an agreement with the government that he would testify truthfully in any prosecution in which he assisted the government.

However, *United States v. Townsend*, 796 F.2d 158 (6th Cir.1986) held that the elicitation during direct examination of evidence of a plea agreement containing a promise to testify truthfully does not constitute impermissible bolstering of the witness' credibility.

Also, in *United States v. Lord*, 907 F.2d 1028 (10th Cir.1990), the court, following the majority of the circuit courts, held it was not

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

48

plain error for the trial court to allow the government, during its direct examination, to present evidence of the agreements between the government and the witnesses, including testimony concerning the truthfulness provisions contained in those agreements. The court noted how such evidence could either impeach or bolster the credibility of a witness. It concluded that introduction of the entire plea agreement permits the jury to consider fully the possible conflicting motives underlying the witness' testimony and enables the jury to assess more accurately the witness' credibility. *See United States v. Townsend, supra.*

The state courts that have considered this problem have uniformly held that such testimony is not improper if the prosecutor has not appeared to express a personal opinion about the witness' credibility or has not appeared to possess information unavailable to the jury. *See, e.g., People v. Mock,* 108 Mich.App. 384, 310 N.W.2d 390, 58 A.L.R.4th 1230 (1981).

We conclude that the better reasoned rule permits the introduction of evidence of a plea agreement even if such agreement requires the witness to testify truthfully as a condition thereof. Adoption of such a rule allows the finder of fact to consider all the pertinent factors surrounding such agreement in making its assessment of the witness' credibility. Accordingly, we find no error in the trial court's admission of this evidence at trial.

## II.

Defendant contends, and the People agree, that the trial court erroneously imposed a drug surcharge in his case. We also agree.

In sentencing the defendant, the trial court imposed a $2,000 drug surcharge pursuant to § 18–19–103(1)(b), C.R.S. (1993 Cum.Supp.). In *People v. Stead,* 845 P.2d 1156 (Colo.1993), our supreme court held that application of the drug offender surcharge to offenses committed before July 1, 1991, violates the constitutional prohibition against *ex post facto* laws. Since the defendant's offenses took place in December 1990, the trial court erred in imposing the surcharge. Ac-

cordingly, that part of the sentence cannot stand.

The judgment is affirmed, that part of the sentence imposing the drug surcharge is vacated, and the cause is remanded to the trial court for correction of the mittimus.

ROTHENBERG and SMITH , JJ., concur.