**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Larry SALAS, Defendant–Appellant.**

**No. 93CA0771.**

Colorado Court of Appeals,
Div. A.

Dec. 15, 1994.

Rehearing Denied Feb. 2, 1995.

Certiorari Denied Sept. 5, 1995.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Catherine P. Adkisson, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Martin Gerra, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Chief Judge STERNBERG.

The defendant, Larry Salas, appeals from a judgment of conviction entered upon a jury verdict finding him guilty of sexual assault on a child. He contends that the trial court erred by allowing adult witnesses to provide hearsay testimony supplemental to the child victim's description of the sexual assault. He also asserts that the trial court improperly imposed sex offender and special offender surcharges. We affirm the judgment of conviction, vacate the sentence provision relating to both surcharges, and remand the case to the trial court for correction of the mittimus.

The offense was alleged to have occurred sometime between November 18 and 25, 1990. The defendant was charged with one count of sexual assault on a child, a class 4 felony, in violation of § 18–3–405, C.R.S. (1986 Repl.Vol. 8B).

The People moved in limine to admit, pursuant to § 13–25–129, C.R.S. (1987 Repl.Vol. 6A), out-of-court statements made by the child victim to several adults. The trial court ruled that "the time, content, and circumstances of the child's statements ... give sufficient safeguards of reliability so as to make the statements admissible pursuant to § 13–25–129."

At trial, the child victim described the sexual assault. Over defense objection, two adult prosecution witnesses related statements that the child had made to them describing the assault, and a police investigator played for the jury a recorded interview wherein the child described the assault. Thus, the jury heard the child's description of the assault a total of four times.

Upon conviction, the court sentenced the defendant to three years in the Department of Corrections. In addition, the court imposed, among other costs, a $750 sex offender surcharge under Colo.Sess.Laws 1992, ch. 86, § 18–21–103 at 462–464, and a $1,000 special offender surcharge under Colo.Sess. Laws 1991, ch. 40, § 24–4.2–104(1)(a)(II)(A) at 241–243. This appeal followed.

I.

The defendant contends that because the child had no difficulty testifying and providing a complete and coherent description of the incident, the trial court erred by permitting adult witnesses to repeat the child's description of the sexual assault. The defendant asserts that, under these circumstances, admission of the adult testimony: (1) was not authorized by § 13–25–129(1), C.R.S. (1987 Repl.Vol. 6A); (2) constituted improper bolstering of the child's testimony and vouching for her credibility; (3) was cumulative and repetitive; and (4) resulted in unfair prejudice to the defendant, thereby depriving the defendant of a fair trial. We perceive no error.

A.

The defendant argues that § 13–25–129(1) should apply only in those circumstances in which the child victim is unavailable to testify or when the child has difficulty expressing herself while testifying. The language of the statute contains no such restriction. Furthermore, the cases cited by the defendant are neither dispositive nor persuasive.

Section 13–25–129(1) provides, in pertinent part:

> An out-of-court statement made by a child ..., describing any act of sexual contact ... is admissible in evidence in any criminal proceeding ... in which a child is a victim of an unlawful sexual offense ..., if:
>
> (a) The court finds in a hearing conducted outside the presence of the jury that the time, content, and circumstances of the statement provide sufficient safeguards of reliability; and
>
> (b) The child either:
>
> (I) Testifies at the proceedings; or
>
> (II) Is unavailable as a witness and there is corroborative evidence of the act which is the subject of the statement.

Nothing contained in the statute prohibits witnesses from testifying about out-of-court statements made to them by a child victim in

the event that the child testifies at the proceeding. Rather, the statutory language contemplates admitting out-of-court statements made by a child victim whether or not the child testifies at trial, provided the court finds those statements to be reliable. Here, the trial court correctly applied the statutory guidelines, and found that the time, content, and circumstances of the statements provided sufficient safeguards of reliability for admissibility.

### B.

■ The defendant also contends that, even if § 13–25–129 exempts the adult testimony from the rule against hearsay, such testimony was not relevant under CRE 401 because the cumulative effect resulted in bolstering the child's testimony. We are not persuaded.

■ In *Maes v. People*, 169 Colo. 200, 454 P.2d 792 (1969), the court held that, if evidence is relevant and material, its admission is not error merely because it is cumulative. Furthermore, admission of cumulative evidence is a matter within the sound discretion of the trial court, and its ruling will not be disturbed absent a clear abuse of discretion. *People v. Unrein,* 677 P.2d 951 (Colo.App. 1983).

Here, there was no such abuse of discretion because the testimony was relevant to a material issue in the case. The child's out-of-court statements describing the sexual assault were relevant to the victim's identification of the defendant as the perpetrator of the offense.

### C.

■ Finally, we reject the defendant's contention that the adult testimony which repeated the child's out-of-court statements should have been excluded as unduly prejudicial pursuant to CRE 403.

■ Relevant evidence generally is admissible unless its probative value is substantially outweighed by the danger of *unfair* prejudice. *Martin v. People,* 738 P.2d 789 (Colo.1987); CRE 403. Moreover, in weighing the probative value of relevant evidence

against the danger of unfair prejudice, CRE 403 strongly favors the admission of evidence. *People v. District Court,* 869 P.2d 1281 (Colo.1994). Only prejudice which suggests a decision made on an improper basis, such as the jury's bias, sympathy, anger, or shock, requires the exclusion of relevant evidence under CRE 403. Thus, proffered evidence should not be excluded as unfairly prejudicial simply because it damages the defendant's case. *People v. District Court, supra.*

In *People v. Fasy,* 813 P.2d 797 (Colo.App. 1991), *rev'd on other grounds,* 829 P.2d 1314 (Colo.1992), a division of this court addressed whether statements admitted pursuant to § 13–25–129 should have been excluded as unduly prejudicial under CRE 403. There, the court upheld admission of statements made by a child to her mother, to her psychologist, and to a school counselor even though the child testified at trial. In so doing, it ruled that "[w]hile the child's out-of-court statements were prejudicial to defendant in the sense that they tended to establish his guilt," no unfair prejudice resulted from their admission. *People v. Fasy, supra* 813 P.2d at 800.

We agree with the reasoning of the *Fasy* court. The statements at issue here were simple, brief, and contained no outrageous facts that could have rendered them unduly prejudicial to the defendant. The mere repetition of these statements, under the circumstances presented here, does not make them unduly prejudicial.

### II.

■ At the time of sentencing, the trial court assessed a $1,000 special offender surcharge against the defendant. Defendant contends, the People do not dispute, and we agree that the trial court erred by imposing that surcharge.

It is undisputed that the defendant was charged with an offense which occurred between November 18 and 25, *1990*; however, the date of offense reflected on the mittimus is between November 20 and 27, *1991.* The mittimus does not contain a statutory reference for the special offender surcharge; how-

ever, it appears to derive from Colo.Sess. Laws 1991, ch. 40, § 24–4.2–104(1)(a)(II)(A) at 241–243. That statute specifically applies only to offenses committed on or after July 1, 1991; therefore, it does not apply to this offense. Accordingly, it was error for the trial court to impose a surcharge pursuant to this section.

### III.

The defendant also asserts, and the People agree, that the trial court erroneously imposed a sex offender surcharge pursuant to Colo.Sess.Laws 1992, ch. 86, § 18–21–103(1) at 462–464. The defendant contends, and we agree, that the retroactive application of the statute to the defendant makes more onerous the punishment for defendant's crime after its commission, in contravention of the constitutional prohibitions against *ex post facto* legislation set out in U.S. Const., art. I, § 10 and Colo. Const. art. II, § 11.

Section 18–21–103(1) provides, in pertinent part:

> On or after July 1, 1992, each person who is *convicted* of a sex offense ... shall be required to pay a surcharge to the clerk of the court in which the conviction occurs.... (emphasis supplied)

The defendant's conviction occurred after July 1, 1992; however, the offense occurred between November 18 and 25, 1990. Thus, the sex offender surcharge was not part of the punishment for the charged offense on the date the defendant committed the crime.

In *People v. Stead*, 845 P.2d 1156 (Colo. 1993) and *People v. Henry*, 845 P.2d 1160 (Colo.1993), the supreme court held that drug offender surcharges imposed pursuant to Colo.Sess.Laws 1991, ch. 82, § 18–19–103 at 445 applied only to offenses *committed* on or after the effective date of the statute.

Although *Stead* and *Henry* involved the drug offender surcharge, we conclude that the holdings in those cases are dispositive here. Since the offense at issue here occurred approximately eighteen months before the statute was enacted, the surcharge was improperly applied to this defendant. *See also People v. Racheli*, 878 P.2d 46 (Colo. App.1994).

The judgment of conviction is affirmed. The portion of the sentence imposing surcharges is vacated, and the cause is remanded with directions that such surcharges be deleted from the mittimus.

PLANK and ROTHENBERG, JJ., concur.