The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Charles James BURGESS, Defendant–Appellant.

No. 95CA2051.

Colorado Court of Appeals, Div. V.

April 3, 1997.

Rehearing Denied May 15, 1997.

Certiorari Denied Nov. 17, 1997.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Paul Koehler, Assistant Attorney General, Denver, for Plaintiff–Appellee.

Nancy C. Johnson, Arvada, for Defendant–Appellant.

Opinion by Judge ROTHENBERG.

Defendant, Charles James Burgess, appeals the judgment of conviction entered on a jury verdict finding him guilty of five counts of sexual assault on a child and two counts of sexual assault on a child as part of a pattern of sexual abuse. The trial court later determined that four of the sexual assault counts were underlying offenses of the pattern counts and, therefore, should be merged with those counts. Accordingly, the court entered judgment on one sexual assault count and the two pattern counts. We affirm.

Defendant's charges arise from allegations that he had sexually abused the three minor children of his fiance's sister. Police and social services personnel became involved after the victims claimed they had been sexually abused by one of their mother's boyfriends and physically abused by another. During videotaped interviews with police and social workers, the victims reported that they also had been sexually abused by defendant. At trial, several prosecution witnesses testified about the victims' out-of-court statements.

I.

Defendant first contends the trial court erred because it did not *sua sponte* give the jury a contemporaneous cautionary instruction each time one of the prosecution's outcry witnesses testified about a victim's hearsay statement. Rather, the trial court gave only one such contemporaneous instruc-

tion when requested to do so by the prosecutor. We perceive no error in the procedure followed by the trial court.

The controlling statute as to this issue is § 13–25–129(2), C.R.S. (1996.Cum.Supp.). In 1993, the General Assembly amended it to its present form as follows:

> If a statement is admitted pursuant to this section, the court shall instruct the jury IN THE FINAL WRITTEN INSTRUCTIONS THAT DURING THE PROCEEDING THE JURY HEARD EVIDENCE REPEATING A CHILD'S OUT–OF–COURT STATEMENT AND that it is for the jury to determine the weight and credit to be given the statement and that, in making the determination itTHE JURY shall consider the age and maturity of the child, the nature of the statement, the circumstances under which the statement was made, and any other relevant factors.

Colo. Sess. Laws 1993, ch. 150, § 13–25–129(2) at 515 (added language in upper case, deletions overstricken).

■ Statutes must be interpreted based on the General Assembly's intent. To discern that intent, we look first to the language of the statute, reading its words and phrases according to their plain and ordinary meaning. *People v. District Court*, 713 P.2d 918 (Colo.1986).

■ We presume that when the General Assembly enacts statutory amendments, it is aware of prior relevant decisional law. *Thompson v. People*, 181 Colo. 194, 510 P.2d 311 (1973). When an amendment closely follows judicial decisions interpreting a statute and the plain meaning of the amendatory language modifies the statute as previously construed, we also presume the General Assembly intended to change the law. *Barela v. Beye*, 916 P.2d 668 (Colo.App.1996).

The supreme court had construed the pre-amendment version of the above statute to require that a cautionary instruction be given contemporaneously with the hearsay testimony and also in the final written instructions to the jury. *People v. McClure*, 779 P.2d 864 (Colo.1989); *see also People v. Diefenderfer*, 784 P.2d 741 (Colo.1989) (fn.10). Under certain circumstances, the trial court's failure to

give the contemporaneous instruction *sua sponte* was held plain error. *See People v. McClure, supra.* In other cases, it was not. *See People v. Wilson*, 838 P.2d 284 (Colo. 1992).

We conclude that, by amending the statute, the General Assembly intended to eliminate the contemporaneous instruction requirement that previously had been established in decisional law. *See People v. Valdez*, 874 P.2d 415 (Colo.App.1993).

Here, the amended statute was in effect at the time of these offenses and required a cautionary instruction only with the final written instructions. Accordingly, we hold that, because contemporaneous instructions were not required, their omission was not error.

■ Defendant nevertheless asserts that, by giving a contemporaneous instruction during the testimony of only one witness, the trial court unduly emphasized that witness' testimony which resulted in unfair prejudice to him. We disagree that reversal is required on this basis.

The instruction given was a correct statement of the law, and paralleled the written instruction given at the end of trial. Thus, we conclude that the one contemporaneous instruction given did not cause unfair prejudice.

## II.

■ Defendant next contends the trial court admitted cumulative testimony which was unfairly prejudicial. Again, we disagree.

■ Because defendant failed to object on this basis at trial, we apply the plain error standard of review. Plain error is error that undermines the fairness of the trial and casts serious doubt on the reliability of the verdict. *Harris v. People*, 888 P.2d 259 (Colo.1995); Crim. P. 52(b).

■ Under CRE 403, a trial court has discretion to exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, potential that the jury will be misled, or by considerations of undue delay,

waste of time, or needless presentation of cumulative evidence. *See People v. Robinson,* 908 P.2d 1152 (Colo.App.1995), *aff'd,* 927 P.2d 381 (Colo.1996). CRE 403 strongly favors the admission of evidence. *People v. District Court,* 869 P.2d 1281 (Colo.1994).

Here, several prosecution witnesses provided similar testimony as to the victims' out-of-court statements alleging sexual abuse. This testimony was properly admitted under § 13–25–129(1), C.R.S. (1987 Repl.Vol. 6A), and was cumulative to and corroborative of the victims' testimony. However, the fact that this evidence was cumulative did not make it unfairly prejudicial. *See People v. Salas,* 902 P.2d 398 (Colo.App.1994).

■ The other witnesses did not vouch for the victims' credibility, *see People v. Williams,* 899 P.2d 306 (Colo.App.1995), and the trial court instructed jurors that they were to determine the weight and credit to be given to the victims' out-of-court statements, and that the number of witnesses testifying on a particular issue was irrelevant in weighing the strength of the evidence. We presume the jury followed these instructions. *See People v. Moody,* 676 P.2d 691 (Colo.1984).

We therefore conclude that the testimony of these witnesses did not undermine the fairness of the trial or cast serious doubt on the reliability of the verdict. *See People v. Bolton,* 859 P.2d 303 (Colo.App.1993).

■ We also reject defendant's related contention that admission of the victims' videotaped interview with police was unfairly prejudicial.

The victims testified at trial as did the official who had conducted the interviews. All were subject to cross-examination. We thus conclude that admission of the videotaped interview did not rise to the level of plain error. *See People v. Rodriguez,* 888 P.2d 278 (Colo.App.1994).

### III.

■ Defendant next asserts that one witness who did not participate in a pre-trial hearing should not have been permitted to testify regarding the victims' out-of-court statements. We perceive no reversible error.

■ Because defendant failed to object to the witness' testimony on this basis, we apply the plain error standard of review.

Section 13–25–129, C.R.S. (1987 Repl.Vol. 6A) requires that a hearing be held outside the jury's presence to determine the admissibility of hearsay statements under that statute. Admittedly, here, the trial court did not follow the requirements of § 13–25–129 as to one witness.

Nevertheless, the witness' testimony was cumulative of other similar evidence properly admitted, and defendant was not surprised by the testimony. Because it did not undermine the fairness of the trial or cast serious doubt on the reliability of the verdict, we conclude reversal is not required. *See People v. Bolton, supra.*

### IV.

We also reject defendant's final contention that the trial court erred by admitting evidence of offenses committed in a county other than the one in which he was being prosecuted, and by instructing the jurors they could find him guilty of conduct occurring in another county.

■ A defendant may be prosecuted in Colorado for crimes committed wholly or partially within the territorial boundaries of the state. Thus, criminal jurisdiction over felonies committed in Colorado generally extends to all district courts in the state. *People v. Joseph,* 920 P.2d 850 (Colo.App.1995); *see* § 18–1–201, C.R.S. (1986 Repl.Vol. 8B). Subject matter jurisdiction may not be waived.

■ In contrast, venue is the place of trial. *See* Colo. Const. art. II, § 16; § 18–1–202, C.R.S. (1986 Repl.Vol. 8B). Venue is for the benefit of defendants and may be waived. *People v. Joseph, supra.*

Any challenge to venue "shall be made by motion in writing no later than twenty days after arraignment, except for good cause shown." Section 18–1–202(11), C.R.S. (1996 Cum.Supp.). The statute further provides

that: "Failure to challenge the place of trial as provided in this subsection (11) shall constitute a waiver of any objection to the place of trial."

In addition, subsection (11) states that proof of venue is not an element of any offense, and need not be proven by the prosecution unless required by the statute defining the offense. None of the crimes for which defendant was convicted contained a venue element.

 Here, at a pre-trial motions hearing, defense counsel orally objected to the trial court's "lack of jurisdiction" over offenses committed in any county other than Jefferson where defendant was charged and tried. However, because the district court had jurisdiction over any felony alleged to have been committed within the state, the trial court properly overruled his objection. *See People v. Joseph, supra.*

Even if we assume that defendant's pre-trial objection constituted a venue objection, rather than a challenge to the court's subject matter jurisdiction, he did not comply with § 18–1–202(11) because he failed to file a timely written motion challenging the place of trial. Thus, defendant waived any venue-related error.

Similarly, we reject defendant's contention that the trial court committed plain error in instructing the jury based on an offense which allegedly occurred in a county other than Jefferson. Again, this argument relates to the proper venue, rather than to the court's subject matter jurisdiction. And again, we conclude that defendant waived this argument by failing to object to the trial court's instruction. Defendant also had notice before trial of the offenses for which he was convicted. Thus, he was not surprised by the prosecution's evidence, and his due process rights were not violated.

Because defendant's other claims of error were raised for the first time in his reply brief, we do not address them. *See*

*People v. Czemerynski,* 786 P.2d 1100 (Colo. 1990).

Judgment affirmed.

DAVIDSON and ROY, JJ., concur.