25CA1317 Peo in Interest of RCN 02-12-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA1317
City and County of Denver Juvenile Court No. 24JV31024
Honorable Ann Gail Meinster, Judge

---

The People of the State of Colorado,

Appellee,

In the Interest of R.C.N., a Child,

and Concerning S.T.C.,

Appellant.

---

JUDGMENT AFFIRMED

Division V
Opinion by JUDGE TOW
Lipinsky and Taubman*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced February 12, 2026

---

Miko Brown, City Attorney, Christina R. Kinsella, Assistant City Attorney, Denver, Colorado, for Appellee

Josi McCauley, Counsel for Youth, Superior, Colorado, for R.C.N.

Just Law Group, LLC, John F. Poor, Denver, Colorado, for Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1    In this dependency and neglect action, S.T.C. (mother) appeals the judgment entered on a jury's verdict adjudicating R.C.N. (the youth) dependent and neglected.  We affirm.

## I.    Background

¶ 2    In April 2024, Denver Human Services of the City and County of Denver (the Department) received a referral raising concerns that mother forcibly cut the youth's hair and was subsequently incarcerated due to restrictions in an existing protection order.  The Department placed the youth outside the home through a safety plan agreement with mother and did not file a petition.

¶ 3    In November 2024, the Department received a second referral with concerns that mother's boyfriend physically abused the youth.  While this referral was being assessed, the Department received another referral in December 2024, asserting that mother had subjected the youth to physical abuse.

¶ 4    The Department filed a petition in dependency or neglect.  Mother requested a jury trial.  After a three-day trial, the jury returned special verdicts finding that the youth was dependent or neglected under sections 19-3-102(1)(a), (b), (c), and (d), C.R.S.

2025.  The court then adjudicated the youth dependent and neglected and adopted a treatment plan for mother.

## II.    Evidentiary Issues

¶ 5     When the adjudicatory trial occurred, mother faced criminal charges tied to the same events that led to the December 2024 referral to the Department.  A mandatory protection order issued in the criminal case prohibited mother from contacting the youth.

¶ 6     Mother first contends that the juvenile court erred by allowing the youth's counsel to mention the pending criminal case and protection order in her opening statement and then admitting the protection order into evidence.

¶ 7     We review a juvenile court's evidentiary rulings for an abuse of discretion.  *M.A.W. v. People in Interest of A.L.W.*, 2020 CO 11, ¶ 32. A court abuses its discretion when its decision misapplies the law or is manifestly arbitrary, unreasonable, or unfair.  *People in Interest of A.N-B.*, 2019 COA 46, ¶ 9.

¶ 8     Mother asserts that the evidence of her criminal charges had little to no probative value.  But the juvenile court found that the protection order and the criminal case in which it was issued were sufficiently relevant.  We discern no abuse of discretion because the

existence of the protection order was relevant to the jury's determination of whether mother was able to meet the youth's needs at the time of the adjudicatory hearing.

¶ 9     We are not persuaded otherwise by mother's assertion that admission of the protective order "invited jurors to make their decision on an improper basis." Mother appears to conflate the basis of the jurors' ultimate decision of whether the youth was dependent or neglected with the basis of the court's decision to allow evidence of the protection order. But a jury is entitled to rely on relevant evidence. So even if we assume the jury relied on the challenged evidence, such reliance would not be improper.

¶ 10     Next, mother contends that the court erred by taking judicial notice of her criminal child abuse conviction related to the youth's older sister.

¶ 11     On direct examination, mother claimed that she would not do anything to discipline her children "rising to the level of child abuse." On cross-examination, the Department asked if she had ever been convicted of child abuse of any of her children. Over mother's objection, the court found that she had "opened the door" to this evidence through her testimony. Mother refused to answer

the question.  When the court suggested that it take judicial notice of her conviction, mother did not object.  Instead, she asked that the court make clear to the jury that she was found guilty only as to the youth's sister and was found not guilty as to the youth and the youth's younger brother.

¶ 12    The court did as mother requested.  Thus, we will not consider mother's argument that the court erred by taking judicial notice because she agreed to it.  *People in Interest of N.A.T.*, 134 P.3d 535, 537 (Colo. App. 2006).

### III.    Child Hearsay

¶ 13    Mother next contends that the juvenile court abused its discretion by admitting the youth's out-of-court statements to a law enforcement officer without complying with the statutory prerequisites for admitting child hearsay at trial.

### A.    Relevant Law

¶ 14    Hearsay is a statement other than one made by the declarant while testifying at a trial or hearing, offered into evidence to prove the truth of the matter asserted.  CRE 801(c).  Colorado Rule of Evidence 802 states that hearsay is not admissible, except as provided by the Colorado Rules of Evidence or by the civil and

criminal procedural rules applicable to the courts of Colorado or by any statutes of the State of Colorado.  CRE 802.

¶ 15     One such statutory exception is for out-of-court statements made by a child or youth "describing any act of child abuse."  § 13-25-129(3), C.R.S. 2025 (the child hearsay statute).[1]  When a party intends to admit child hearsay under this statutory exception, it must abide by certain procedural safeguards in the statute, including providing "reasonable notice," and establish at a pretrial hearing that there are "sufficient safeguards of reliability."  § 13-25-129(5), (7).

¶ 16     An error is harmless when it does not affect the substantial rights of the parties.  C.R.C.P. 61.  "An error affects a substantial right only if it can be said with fair assurance that the error substantially influenced the outcome of the case or impaired the basic fairness of the trial itself."  *People in Interest of C.C.*, 2022 COA 81, ¶ 20 (citation modified).

---

[1] The child hearsay statute applies to out-of-court statements made "by a child, as child is defined under the statutes that are the subject of the action." § 13-25-129(3), C.R.S. 2025.  For purposes of dependency and neglect actions, "child" is defined as "a person under eighteen years of age." § 19-1-103(21), C.R.S. 2025.  Thus, the youth's hearsay statements fall within the child hearsay statute.

## B. Analysis

¶ 17    The jury heard the youth's account of alleged abuse in December 2024 three times: from a law enforcement sergeant who transported the youth to the Denver Safe Center, from the pediatrician who examined the youth at the Denver Safe Center, and directly from the youth

¶ 18    It is clear that the Department did not follow the proper procedure for admitting child hearsay through the sergeant. It did not provide notice that child hearsay would be part of the sergeant's testimony, there was no pretrial hearing regarding this testimony, and the court did not make any reliability findings when it overruled mother's objection to this portion of the testimony. The Department and the youth's guardian ad litem appear to agree that the juvenile court erred by admitting this testimony.

¶ 19    Relying on *People v. McClure*, 779 P.2d 864 (Colo. 1989), mother urges us to determine that the error was not harmless. In *McClure*, the Colorado Supreme Court reversed when child hearsay was improperly admitted from five witnesses, two of whom were qualified as experts. *McClure*, 779 P.2d at 867. The court expressed concern that, "[w]ith five witnesses reinforcing [the

6

child]'s testimony . . . the child's credibility may very well have been bolstered in the eyes of the jury." *Id.*

¶ 20 However, the circumstances here are distinguishable from those present in *McClure.* The testimony at issue came from a single lay witness. Thus, this case is similar to *People v. Wood*, 743 P.2d 422 (Colo. 1987), which the *McClure* court distinguished because, "in *Wood* there was no danger that testimony given by an expert would be imbued with special credibility" because the testimony was from a single, non-expert witness. *McClure*, 779 P.3d at 867. Here, the sergeant did not testify as an expert and made no statements about the youth's credibility. *See People v. Burgess*, 946 P.2d 565, 569 (Colo. App. 1997). And the youth's hearsay statements provided through the sergeant were brief and not the focus of her testimony. *See People v. Salas*, 902 P.2d 398, 401 (Colo. App. 1994) (holding child hearsay statements were not unduly prejudicial where they were "simple, brief, and contained no outrageous facts"). Importantly, the sergeant's testimony was not substantially different than other accounts the jury heard of the December 2024 incident. *See Burgess*, 946 P.2d at 569 (reversal

not required when testimony admitted in error was cumulative of other similar evidence properly admitted).

¶ 21    Therefore, the admission of child hearsay through the sergeant was harmless error, and reversal is not required.

## IV.    Jury Instructions

¶ 22    Finally, mother contends that the juvenile court erred by quoting section 19-3-505(7)(a), C.R.S. 2025, in instructing the jury that "evidence that child abuse or nonaccidental injury has occurred shall constitute prima facie evidence that such child is neglected or dependent, and such evidence shall be sufficient to support an adjudication."

¶ 23    A juvenile court must correctly instruct the jury on applicable law but "retains substantial discretion over the form and style of jury instructions." *People in Interest of M.H-K.*, 2018 COA 178, ¶ 17.  We review jury instructions de novo to determine whether, taken as a whole, they accurately informed the jury of the applicable law.  *People in Interest of J.G.*, 2016 CO 39, ¶ 33. However, we review a court's decision to give a particular instruction for an abuse of discretion.  *Id.*  A ruling on jury instructions is an abuse of discretion only when the ruling results

in a misstatement of the law or is manifestly arbitrary, unreasonable, or unfair. *Id.*

¶ 24  Mother contends that the court erroneously "direct[ed] the jury to find in favor of the Department if it heard evidence of child abuse or nonaccidental injury, even if the jury did not find the evidence credible or believable." We are not persuaded.

¶ 25  In *People in Interest of M.A.L.*, 592 P.2d 415 (Colo. App. 1976), a division of this court examined language identical to that of section 19-3-505(7)(a) and determined that it "d[id] not direct that an adjudication of neglect or dependency shall be made on evidence merely showing non-accidental injury." *M.A.L.*, 592 P.2d at 417. Rather, the division concluded, it

> allows the trial court to submit a case to the jury once the petitioner has presented a prima facie case, [i].e., evidence that non-accidental injury has occurred, and if the jury finds the children are neglected or dependent, that prima facie evidence shall be sufficient to uphold the jury's determination.

*Id.*

¶ 26  In this case, the jurors were also instructed that they were "the sole judges of the credibility of the witnesses and the weight to be given their testimony" and could accept or reject expert

9

testimony in whole or in part.  The record does not suggest that the jury was confused by the instruction based on section 19-3-505(7)(a) in the context of these other instructions.  Absent evidence to the contrary, which we do not have, we presume the jury followed all the court's instructions.  *People v. Ray*, 2025 CO 42, ¶ 135.

¶ 27    As a whole, the jury instructions as given accurately informed the jury of the applicable law.  Because the juvenile court's decision to permit the instruction based on section 19-3-505(7)(a) was not a misstatement of the law and was not manifestly arbitrary, unreasonable, or unfair, we discern no error.

## V.    Disposition

¶ 28    The judgment is affirmed.

JUDGE LIPINSKY and JUDGE TAUBMAN concur.